JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dave Gene Hazewinkel and Suzanne Elaine Hazewinkel

**DEFENDANTS**
The Hartford Financial Services Group, Inc. and Sentinel Insurance Company, Ltd.

**(b)** County of Residence of First Listed Plaintiff   Perry County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Elizabeth Citrin, Elizabeth Citrin, P.C., 28080 Highway 98, Ste. G, Daphne, AL 36526, ph: 251-626-8808

Attorneys *(If Known)*
Sharon Stuart, Christian and Small LLP, 505 20th Street North, Ste. 1800, Birmingham, AL 35203, ph: 205-795-6588

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 2  U.S. Government Defendant
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❑ 153 Recovery of Overpayment of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product Liability<br>❑ 320 Assault, Libel & Slander<br>❑ 330 Federal Employers' Liability<br>❑ 340 Marine<br>❑ 345 Marine Product Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle Product Liability<br>❑ 360 Other Personal Injury<br>❑ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury - Product Liability<br>❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❑ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal Property Damage<br>❑ 385 Property Damage Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark | ❑ 375 False Claims Act<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/ Exchange<br>❑ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts<br>❑ 893 Environmental Matters<br>❑ 895 Freedom of Information Act<br>❑ 896 Arbitration<br>❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❑ 950 Constitutionality of State Statutes |
|  |  |  | **LABOR**<br>❑ 710 Fair Labor Standards Act<br>❑ 720 Labor/Management Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g)) |  |
| **REAL PROPERTY**<br>❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | **CIVIL RIGHTS**<br>❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/ Accommodations<br>❑ 445 Amer. w/Disabilities - Employment<br>❑ 446 Amer. w/Disabilities - Other<br>❑ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff or Defendant)<br>❑ 871 IRS—Third Party 26 USC 7609 |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §§ 1332, 1441, 1446
Brief description of cause:
action for breach of contract, bad faith and other tort claims arising from property insurance claim

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  4-23-15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SELMA DIVISION

| | |
|---|---|
| **DAVE GENE HAZEWINKEL and**<br>**SUZANNE ELAINE HAZEWINKEL,** | |
|     **Plaintiffs,** | |
| |   **Case No.:** |
| **v.** | |
| | **(Removed from the Circuit Court of Perry** |
| **THE HARTFORD a/k/a THE HARTFORD** | **County, Alabama, Case No.** |
| **INSURANCE COMPANY; SENTINEL** | **53-CV-2015-900026)** |
| **INSURANCE COMPANY, LTD, and** | |
| **Fictitious Defendants A-L, all of whose true** | |
| **names and legal identities are unknown to** | |
| **Plaintiffs at this time, but who will be** | |
| **substituted by amendment when ascertained,** | |
| **jointly and severally,** | |
|     **Defendants.** | |

### NOTICE OF REMOVAL

COME NOW Defendants The Hartford Financial Services Group, Inc. ("Hartford"),
incorrectly referred to in the Complaint as "Hartford Insurance Company" and Sentinel
Insurance Company ("Sentinel") (collectively, "Defendants"), and pursuant to 28 U.S.C. §1446,
give notice of the removal of the above-captioned lawsuit from the Circuit Court of Perry
County, Alabama to the United States District Court for the Southern District of Alabama, Selma
Division.  As grounds for removal of this case, Defendants state that removal is proper under 28
U.S.C. §§1332, 1441 and 1446, and show as follows:

### PROCEDURAL BACKGROUND

1.    Plaintiffs Dave Gene Hazewinkel and Suzanne Elaine Hazewinkel ("Plaintiffs")
originally filed this lawsuit on March 23, 2015, in the Circuit Court of Perry County, Alabama,
Case Number 53-CV-2015-900026, alleging counts for breach of contract, breach of fiduciary

duty, breach of good faith and fair dealing, negligence, wantonness, negligent misrepresentation, "respondeat superior," promissory estoppel, "compensatory damages," "consequential damages" including "attorneys' fees and damages for emotional distress," "punitive damages," and appraisal against Defendants. See *Exhibit A, Complaint* at ¶¶ 26-60.

2.     This Notice of Removal is filed in the United States District Court for the Southern District of Alabama, Selma Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(a).

3.     Plaintiffs served Hartford and Sentinel each with copies of the Summons and Complaint on March 25, 2015.  This Notice of Removal is filed within 30 days of service upon each of the Defendants. Therefore, removal is timely under 28 U.S.C. § 1446(b).

4.     According to the Complaint, Plaintiffs are resident citizens of Perry County in the State of Alabama.  *Exhibit A, Complaint,* at ¶ 6.

5.     Hartford is now and was at the time of filing of the Complaint a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Connecticut.  *See Exhibit B, Affidavit of Romero McWilliams with supporting documents.*

6.     Sentinel is now and was at the time of filing of the Complaint a corporation organized under the laws of the State of Connecticut and with its principal place of business located in the State of Connecticut.  *See Exhibit B, Affidavit of Romero McWilliams with supporting documents.* Sentinel is a wholly owned subsidiary of Hartford.  *Id.*

7.     According to the allegations in the Complaint, the Plaintiffs own a residence located at 1202 Washington Street, Marion, Alabama 36756 (the "Property"), which was damaged by hail in March of 2013.  *See Exhibit A, Complaint*, at ¶¶ 3, 6, 17, 20.

8. According to the Complaint, at the time of the alleged hail damage, the Property was insured by a policy of insurance issued by Hartford and Sentinel (the "Policy").  *See Exhibit A, Complaint*, at ¶ 2.  According to the Policy Declarations attached to Plaintiffs' Complaint, the Policy provided a Limit of Liability of $323,000 for the Dwelling and $32,300 for Other Structures, among other coverages. *See Exhibit A, Complaint.*

9. According to the Complaint, following the hailstorm, Plaintiffs filed an insurance claim with Defendants for losses arising from hail damage to the Property.  *Exhibit A, Complaint,* at ¶ 19.

10. The Complaint alleges that Defendants retained an independent adjuster, Crawford & Company, to estimate the cost to repair roof damage to the Property.  *See Exhibit A, Complaint*, at ¶¶ 5, 20.  The Complaint alleges that Defendants disregarded the adjuster's report and denied the claim for roof damage. *See Exhibit A*, *Complaint,* at ¶¶ 5, 21.

11. Plaintiffs retained a contractor who estimated the replacement cost value of the roof at $34,275.92 and the replacement cost value of one storage building at $1,493.13.  *See Exhibit B, Affidavit of Romero McWilliams with supporting documents.*

12. On January 14, 2015, Sentinel received an email from counsel for Plaintiffs, enclosing a report dated January 9, 2015 from an engineer they retained.  The engineer opined that the tile roof on the dwelling was damaged by hail, and that the cost to repair the Property would be between $45,000 and $50,000, including interior repairs.  *See Exhibit B, Affidavit of Romero McWilliams with supporting documents.*

13. Hartford paid Plaintiffs $3,298.66 for interior repairs.  *See Exhibit B, Affidavit of Romero McWilliams with supporting documents.*

14. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

## BASIS FOR REMOVAL

15.     **This removal is timely.**

Plaintiff served Hartford and Sentinel each with a copy of the summons and complaint on March 25, 2015.   This Notice of Removal is timely filed within 30 days of service upon Defendants.   *See Exhibit C, Return on Service Upon "Hartford Insurance Company" and Exhibit D, Return of Service Upon Sentinel Insurance Company, LTD.*   28 U.S.C. §1446(b).

16.     **This Court has federal diversity jurisdiction over this case**.

A party seeking a federal venue must demonstrate that the federal court has jurisdiction over the case.   *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).   As demonstrated below, this case is removable pursuant to 28 U.S.C. §1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

17.     **There is complete diversity of citizenship**.

The parties are citizens of different States.   Plaintiffs are residents and citizens of the State of Alabama.   *Exhibit A*, Complaint ¶ 6.   Defendant Hartford is now and was at the time of filing of the Complaint a corporation organized under the laws of the State of Delaware with its principal place of business located in the State of Connecticut.   Sentinel is now and was at the time of filing of the Complaint a corporation organized under the laws of the State of Connecticut with its principal place of business located in the State of Connecticut.   *See Exhibit B at ¶ 3*.   Other than fictitious defendants, whose citizenship is disregarded for purposes of determining federal jurisdiction, there are no other parties to this action.

18.     **The amount in controversy exceeds $75,000.00**.

Plaintiffs' Complaint does not contain a specific allegation as to the amount of their claimed damages.   *See, generally, Exhibit A*. When the complaint does not state the amount in controversy, the defendant's notice of removal may do so. §1446(c)(2)(A). The Defendant need

only make a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions").

The amount in controversy in this matter exceeds the $75,000 jurisdictional threshold. This amount in controversy allegation should be accepted unless contested by the Plaintiffs or questioned by the court. *Dart,* 135 S. Ct. at 553; s*ee also id.* at 555 (pursuant to § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Although evidence establishing the amount in controversy is not required at this stage under §1446(c)(2)(B), Defendants show the following:

Plaintiffs assert claims for breach of contract, breach of fiduciary duty, breach of good faith and fair dealing, negligence, wantonness, negligent misrepresentation, "respondeat superior," and promissory estoppel, as well as a claim for appraisal. *Exhibit A at ¶¶* 26-60. Plaintiffs seek compensatory damages "to cover losses to the structures on the Property and other items covered under the Policy," punitive damages, and consequential damages including damages for emotional distress, attorney fees, litigation expenses, costs, and "expenses due under state and/or federal statutes." *Exhibit A at ¶¶* 53, 55, 57.  The *Ad Damnum* Clause of the Complaint seeks "[a] Judgment of compensatory and *general damages under the Policy for the full amount of the coverage*, including all sums due under the coverage(s) provided under the Policy" as well as punitive and consequential damages.  *Exhibit A, Complaint* ¶ 61(a)-(c) (emphasis added).

Taking Plaintiffs' *ad damnum* as true, they seek compensatory and general damages for the full amount of the Policy coverage, plus punitive damages to "punish and deter Defendants from this type of conduct in the future in refusing to properly adjust claims and/or negotiate in

good faith" (i.e., bad faith) and consequential damages. *Exhibit A, Complaint at* ¶ 61(a)-(c). The limit of liability for the Dwelling under the Policy is $323,000. *See Policy Declarations attached to Exhibit A, Complaint.* Even if Plaintiffs seek as compensatory damages only the $45,000-$50,000 their engineer opined would be required to repair the property, minus the $3,298.66 already paid by Sentinel for the interior repairs, the amount in controversy requirement is met. The repair estimate, coupled with Plaintiffs' bad faith claim and their accompanying claims for punitive and emotional distress damages, results in an amount in controversy in excess of $75,000.[1]

Plaintiffs' Complaint alleges, *inter alia*, that Defendants acted in bad faith and demands punitive and emotional distress damages. Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases. *Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 111336, *12 (S.D. Ala. Sept. 23, 2010) (citing *Rae v. Perry*, 392 Fed. Appx. 753, 2010 U.S. App. LEXIS 17209 (11th Cir. Aug. 16, 2010)).   In *Blackwell v. Great American Financial Resources, Inc.,* the court held that the amount in controversy requirement was satisfied in a conspiracy case where compensatory damages were just over $23,000, noting "[t]hat amount alone constitutes approximately one third of the jurisdictional minimum. When the punitive damages claims for what 'may be awarded' are considered in relation to both the compensatory damages claims and the conduct alleged, a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum." 620 F. Supp.2d 1289, 1291

---

[1] When evidence is necessary, repair estimates are appropriate evidence supporting the amount in controversy. *See Brewton Iron Works, Inc. v. Cont'l Cas. Co.*, 2010 WL 4269181 (S.D. Ala. Oct. 26, 2010) (denying motion to remand based on repair estimates, noting that "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal" and "'[d]efendants may introduce their own affidavits, declarations, or other documentation-provided of course that removal is procedurally proper."') (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751-754 (11th Cir. 2010)); *Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 111336 (S.D. Ala. Sept. 23, 2010) (denying motion to remand based on estimates as evidence establishing requisite amount in controversy).

(N.D. Ala. 2009).   Here, an award of punitive damages with only a one-to-one ratio to compensatory damages in the amount Plaintiffs' engineer opined were payable would easily exceed the amount in controversy requirement.

While Hartford and Sentinel maintain that Plaintiffs are not entitled to any damages in this action, the amount in controversy is satisfied based on courts in Alabama allowing compensatory, exemplary and/or punitive damage awards in cases alleging bad faith. *See, e.g., Smith v. The Equitable*, 148 F. Supp. 2d 1247 (N.D. Ala. 2001) (holding that the failure to remove a bad faith case with an unspecified demand for mental anguish and punitive damages on diversity grounds was a procedural defect that rendered a later removal on other grounds defective because the claim for mental anguish damages and punitive damages for bad faith clearly resulted in an amount in controversy in excess of $75,000.00); *Choctaw Carriers, Inc. v. AXA Global Risks*, 1999 U.S. Dist. LEXIS 5210 (S.D. Ala. Feb. 1, 1999) (it was "apparent that the amount in controversy [was] in excess of $75,000" in a bad faith case where plaintiff sought compensatory damages of $22,574.84 along with punitive damages in an unlimited and unspecified amount).

This Court may employ "its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy." *Roe v. Michelin*, 613 F.3d 1058, 1063 (11th Cir. 2010).   Defendants have made specific factual allegations establishing jurisdiction and can support them with evidence combined with reasonable deductions, reasonable inferences and reasonable extrapolations. *See Brewton Iron Works, Inc. v. Continental Cas. Co.,* 2010 U.S. Dist. LEXIS 114624, *7 (S.D. Ala. Oct. 26, 2010) (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d at 753-54 (11th Cir. 2010). If, despite the numerous counts for compensatory, consequential and punitive damages contained

in the Complaint, Plaintiffs here do contest Defendants' plausible allegation that the requisite amount in controversy is present, Defendants request the opportunity for both sides to submit proof so that the court can decide, by a preponderance of the evidence, whether the requirement has been satisfied. *See Dart,* 135 S. Ct. at 554.

19. **Pleadings and Process**.

Copies of all of the process and pleadings served upon Hartford and Sentinel in this case are attached hereto as *Exhibit E.*

20. **Notice Given**.

Notice of this Removal is being filed with the Clerk of the Circuit Court of Perry County, Alabama as provided by law.  A copy of Defendants' Notice of Filing Notice of Removal is attached hereto as *Exhibit F.*

21.     If any question arises as to the propriety of the removal of this action, Hartford and Sentinel respectfully request the opportunity to present a brief and oral argument in support of their position.

22.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including any procedural or substantive defense available.

WHEREFORE, premises considered, Defendants The Hartford Financial Services Group, Inc. and Sentinel Insurance Company, Ltd pray that this Court will consider this Notice of Removal as provided by law governing removal of cases to this Court; make the proper orders to achieve the removal of this cause from the Circuit Court of Perry County, Alabama to this Court; and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the said Circuit Court.

Respectfully submitted this 23rd day of April, 2015.

/s/ Sharon D. Stuart
Sharon D. Stuart
Attorney for Defendants

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
(205) 795-6588
Fax (205) 328-7234
Email: sdstuart@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record, using the CM/ECF filing system which will send notification of such filing, and by U.S. Mail, on this the 23rd day of April, 2015:

Elizabeth A. Citrin, Esq.
28080 Highway 98, Suite G
Daphne, AL 36526

Robert H. Turner, Sr., Esq.
Turner, Turner and Bryant
416-417 Washington Street
P.O. Box 929
Marion, AL 36756

/s/ Sharon D. Stuart
OF COUNSEL

# Exhibit A

ELECTRONICALLY FILED
3/23/2015 9:48 PM
53-CV-2015-900026.00
CIRCUIT COURT OF
PERRY COUNTY, ALABAMA
MARY MOORE, CLERK

## IN THE CIRCUIT COURT OF PERRY COUNTY, ALABAMA

| | |
|---|---|
| DAVE GENE HAZEWINKEL and<br>SUZANNE ELAINE HAZEWINKEL,<br><br>Plaintiffs,<br><br>v.<br><br>THE HARTFORD a/k/a THE HARTFORD<br>INSURANCE COMPANY; SENTINEL<br>INSURANCE  COMPANY, LTD, and;<br>Fictitious Defendants A-L, all of whose<br>true names and legal identities are<br>unknown to Plaintiffs at this time, but who<br>will be substituted by amendment when<br>ascertained, jointly and severally,<br><br>Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*    CIVIL ACTION NO.:<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, David Gene Hazewinkel and Suzanne Elaine Hazewinkel (the "Plaintiffs"), and file this Complaint against Defendants and state as follows:

## INTRODUCTION

1.      This is a breach of contract and breach of fiduciary duty action arising out of a Hartford insurance policy bearing Policy number 21-RBB182738 (the "Policy").   *See* Declarations of Insurance, Outline of Coverage, and related documents, attached as Exhibit A.

2.      Plaintiffs, David Gene Hazewinkel and Suzanne Elaine Hazewinkel, hold the Policy issued by The Hartford, a/k/a The Hartford Insurance Company and its underwriter, Sentinel Insurance Company, Ltd (the "Defendants"), and they have the right to sue under this Policy.

3.      The Policy insures the property owned and lived in by Mr. and Mrs. Hazewinkel,

1

and insured by Defendants.   The subject property is located at 1202 Washington Street, Marion, Perry County, Alabama, 36756 (the "Property").

4.      The Policy provides coverage for, among other things, hail and storm damage to the Property.   The Property experienced hail and storm damage to its tile roof as a result of the hail event that struck Marion on or about March 23, 2013.

5.      Defendants retained an independent, adjusting firm, Crawford and Company, to adjust the claim beginning on or about March 21, 2014.   A fourteen (14) page estimate of the costs to repair the damage to the roof arising out of the Hailstorm was issued on or about April 2, 2014 (the "Crawford Report").   Defendants thereafter disregarded the Crawford Report and fifteen (15) months after the Hailstorm, denied the claim of Plaintiffs on June 27, 2014.

## PARTIES

6.      Plaintiffs, David Gene Hazewinkel and Suzanne Elaine Hazewinkel, are adult resident citizens, husband and wife, residing at 1202 Washington Street, Marion, Perry County, Alabama, 36756.   Plaintiffs, Mr. and Mrs. Hazewinkel, own the Property and paid and pay the monthly insurance premiums to Defendants on the Policy.

7.      Plaintiff, David Gene Hazewinkel, competed on two (2) United States Olympic Teams, five (5) United States World Teams, and six (6) consecutive World and Olympic Teams. He won ten (10) National Titles and was voted the "Outstanding Wrestler" of the nation.   He placed 2nd, 3rd, 4th, and 6th in World Competitions, won fourteen (14) Masters National Titles, was crowned an All-Army and Inter-Service Champion, and was an assistant coach at the United States Military Academy.   Mr. Hazewinkel, carried the Olympic Torch at the 1996 Olympic Games, and is the Wrestling Coach at Marion Military Institute in Marion, Alabama,

8.      Defendant, The Hartford, a/k/a The Hartford Insurance Company ("Hartford"), is a

2

corporation headquartered in Hartford, Connecticut, and is licensed to do business in Alabama. Hartford can be served through its registered agent, namely, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104.

9.      Hartford's slogan listed on its letterhead is, "**Prepare.    Protect.    Prevail.**"

Hartford's website advertises as:    **THE HARTFORD**    "Our Company.    Trust Isn't Built by Making Commitments.    It's Earned by Keeping them.    Preparing and Protecting Customers for More than 200 Years.    So They Don't Simply Endure, They Prevail."

10.      Defendant, Sentinel Insurance Company, Ltd ("Sentinel"), is a company incorporated in Hartford, Connecticut.    It is a wholly owned subsidiary and/or agent of Hartford and is licensed to do business in Alabama.    Sentinel can be served through its registered agent, namely, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104.

11.      Defendants, A, B, C, and D, separately and severally, are the persons, firms or corporations who are in some manner responsible for issuing and honoring the terms of the Policy at issue in this Complaint, and whose true names and identities are unknown to the Plaintiffs, but will be substituted by amendment when ascertained.

12.      Defendants, E, F, G, and H, separately and severally, are the persons, firms or corporations who participated and/or were involved in the adjusting of the claim giving rise to this Complaint.

13.      Defendants, I, J, K, and L, separately and severally, are the persons, firms or corporations, who are in some manner responsible for or a party to the disputes and other acts

3

alleged in this Complaint.

## JURISDICTION AND VENUE

14.     This Honorable Court has jurisdiction of the Parties and the subject matter of this Complaint, pursuant to Alabama law.

15.     Venue is proper in Perry County, as this is the location where the Property is located, the insurance Policy was issued, and where the claim arose, pursuant to Alabama law.

## FACTUAL BACKGROUND

16.     The Policy provides insurance coverage for, among other things, hail and storm damage to the Property.  The Property experienced hail and storm damage to its tile roof and storage building, and interior damage, as a result of a hailstorm in Marion in Perry County, Alabama.

17.     On March 23, 2013, the Town of Marian ("Marion") was hit by a hailstorm with some hail the size of golf balls (the "Hailstorm"), and which caused damage to properties in the neighborhood of the Property of Plaintiffs, which is near Judson College.   The Storm Prediction Center ("SPC") reported that hail measuring up to 1.75 inches in diameter fell near Judson College.   There were also reports of windowpanes and windows broken due to the Hailstorm.

18.     Properties neighboring the Property of Plaintiffs were covered by policies of insurance that honored their insurance claims arising from the Hailstorm, including a neighboring property with a tile roof.

19.     A claim for this loss (the "Claim") was timely submitted to Defendants, The Hartford Insurance Company, and its underwriter, Sentinel Insurance Company, Ltd.

20.     Defendants retained Crawford and Company ("Crawford"), an independent insurance adjusting firm, and its adjuster, Josh Sanderson, licensed in Alabama, to work as agents

4

of Defendants to adjust Plaintiffs' claim beginning on or about March 21, 2014.   Mr. Sanderson, inspected the Property on or about March 26, 2014, and issued a fourteen (14) page estimate of the costs to repair the damage to the roof (arising out of the Hailstorm) on or about April 2, 2014 (the "Crawford Report").   Plaintiffs retained their own independent adjuster, who met Mr. Sanderson for an inspection at the Property, and he issued his own thirteen (13) report/estimate, plus 31 pages of photographs and a diagram, on or about March 25, 2014.   The independent adjusters agreed that the Hailstorm caused damage to the Property, and only disagreed as to the exact dollar amount of the loss covered under the Policy.

21.    Defendants disregarded the Crawford Report as well as the report by Plaintiffs' adjuster, and fifteen (15) months after the Hailstorm, denied the claim of Plaintiffs on June 27, 2014.  Plaintiffs were forced to retain their own engineer/roofing expert, Rhea Converse from Hoover, Alabama, to inspect the Property, which resulted in Mr. Converse's report dated January 9, 2015, also finding damage to the Property from the Hailstorm.   Defendants reviewed the report from Mr. Converse and renewed their denial of the roof claim on February 2, 2015.

22.    Defendants have copies of the Policy in place at the time of the Hailstorm in their possessions and have failed to exchange a Certified or any copy of the Policy to undersigned counsel, despite a formal written request made to Defendants on May 31, 2014.

23.    The Policy, through its insured provisions, provides coverage to the Property for accidental direct physical losses to the Property proximately and efficiently caused by the Hailstorm, as well as other benefits referenced in the Policy.   The Property was insured under the Policy on the date of the Hailstorm.

24.    After Defendants disregarded the Crawford Report, and the report by Plaintiffs' adjuster, they retained an engineer to write a report negating both reports.   That same engineer

5

later negated Plaintiffs' engineer's report as well, and in reliance thereof, Defendants refused to tender the value of the claim.   Instead, Defendants denied the claim and repeatedly refused to pay the benefits owed under the Policy.

25.      Due to Defendants' improper denial of the claim, Plaintiffs seek to recover from Defendants' compensatory damages, punitive damages, reasonable attorneys' fees, court costs, amounts due under state and federal statutes, and other expenses of litigation.

## COUNT I
## BREACH OF CONTRACT AND FIDUCIARY DUTY

26.      Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint

27.      As a direct and proximate result of the damage caused by the Hailstorm, the Property was damaged.   Plaintiffs submitted a timely claim for losses covered under the Policy. Defendants initiated the claims process and their adjuster prepared a report on the damage, yet they ultimately denied the claim, despite the Property, including the roof and storage building, being insured under the Policy for damage arising from the Hailstorm.

28.      Defendants, by accepting insurance premiums for the Policy, had a fiduciary duty to properly adjust the claim and make payments in a timely manner, which they have failed to do.

29.      Defendants had ample opportunity to inspect the Property and know its age and condition before issuing the Policy to Plaintiffs, and before accepting monetary insurance premiums from Plaintiffs for coverage under the Policy.   Defendants had a duty to honor Plaintiffs' claim and not deny the claim based on the condition of the Property, including the roof and storage building, at the time when the Policy was originally issued and before the time of the Hailstorm.   Defendants cannot accept money to insure the Property, visible upon any inspection prior to issuance of the Policy, and then later say that the insurance coverage does not apply

6

because the Property was too fragile to be covered under the Policy.

30.     Plaintiffs charge Defendants with a breach of contract and of the fiduciary duties that they owe to Plaintiffs, pursuant to the terms and conditions of the Policy, and common practices in the adjusting industry.  Defendants have improperly:   denied the Claim; not adjusted the claim in a timely fashion; had adjusters in other states, not licensed in Alabama, override the conclusions of their Alabama licensed independent adjuster, and; retained an engineering firm for the specific purpose of overriding the conclusions of the independent adjusters, and then later to override the opinions of Plaintiffs' engineer/roofing expert.

31.     Defendants clearly and expressly agreed to provide insurance coverage through the Policy on the Property.  Plaintiffs suffered damages which were insured as losses under the Policy.  Defendants are obligated under the Policy to provide insurance coverage for all damage to the Property.   Plaintiffs are entitled to specific performance of the Policy and indemnification from Defendants for all losses they have suffered, including consequential losses occasioned by Defendants' wrongful breach of the Policy and their breach of fiduciary duty.

## COUNT II
## BREACH OF GOOD FAITH AND FAIR DEALING

32.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

33.     In every contract there is an implied duty of good faith and fair dealing on the part of the contracting parties.  Defendants have breached their duty by their failure to negotiate in good faith and their failure to pay all sums that are due under the Policy.  The actions of Defendants in this regard are in violation of the duty of good faith and fair dealing and make them liable to Plaintiffs for damages caused thereby.

## COUNT III
## NEGLIGENCE

7

34.    Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

35.    Defendants, in negating the report of their adjuster and in hiring an engineering firm to negate the report of this adjuster, acted with negligence.   Defendants negligently failed to properly:   1) honor the inspecting and adjusting of the claim by their independent adjuster; 2) pay Plaintiffs the amount due under the Policy for the claim; 3) follow and/or apply industry standards in adjustment the claim; 4) follow their own corporate rules, regulations, policies, and procedures in adjusting the claim; 5) explain and justify the adjustment to Plaintiffs; 6) follow and/or apply industry standards as to the inspection, evaluation and adjusting of the claim; 7) inspect the Property prior to issuing the Policy and give Plaintiffs' notice that the tile roof would be denied coverage, and; 8) otherwise pay what is owed under the Policy.

## COUNT IV
## WANTONNESS

36.    Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

37.    Defendants, in negating the report of their adjuster and in hiring an engineering firm to negate the report of this adjuster, acted with wantonness.   Defendants wantonly failed to properly:   1) honor the inspecting and adjusting of the claim by their independent adjuster; 2) pay Plaintiffs the amount due under the Policy for the claim; 3) follow and/or apply industry standards in adjustment the claim; 4) follow their own corporate rules, regulations, policies, and procedures in adjusting the claim; 5) explain and justify the adjustment to Plaintiffs; 6) follow and/or apply industry standards as to the inspection, evaluation and adjusting of the claim; 7) inspect the Property prior to issuing the Policy and give Plaintiffs' notice that the tile roof would be denied coverage, and; 8) otherwise pay what is owed under the Policy.

## COUNT V
## NEGLIGENT MISREPRESENTATION

8

38.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

39.     Defendants represented to Plaintiffs that they would be covered for losses incurred as a result of an event such as the Hailstorm.

40.     Plaintiffs relied to their detriment upon said indication that they would be covered for their losses in the event of such as occurred with the Hailstorm.

41.     As a result of the negligence of Defendants, Plaintiffs were injured in that they were not been offered sufficient coverage for damage to the Property.

42.     As a result of the negligence of Defendants, Plaintiffs were injured in that Plaintiffs have not received adequate payments toward making the Property whole.

## COUNT VI
### *RESPONDEAT SUPERIOR*

43.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint

44.     Under the doctrine of *respondeat superior*, Defendants are jointly and severally liable to Plaintiffs for all damages caused by their agents, independent contractors and employees rendering insurance-related services, such as adjusting, within the scope of their employment.

45.     As a direct and proximate result of this employment, under the doctrine of *respondeat superior*, Defendants are vicariously liable, jointly and severally, for the damages suffered by Plaintiffs.

## COUNT VIII
## PROMISSORY ESTOPPEL

46.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

47.     This Count is brought as an additional and alternative theory of recovery regarding the amount of Policy benefits owed to Plaintiffs from Defendants.

48.     Plaintiffs specifically relied on representations that the Policy would provide

9

comprehensive coverage for the insured property for the damages that they sustained.   Plaintiffs were promised by Defendants that they was obtaining such coverage, so they did not seek to insure against this type of loss with additional and/or more comprehensive coverage, which Plaintiffs would have done to protect against losses to the Property.

49.     The Property sustained damage covered under the Policy.   Except for payment of just a portion of the total damage to the Property, Defendants have denied Plaintiffs coverage for their loss.

50.     Plaintiffs reasonably relied upon the representations and conduct of Defendants to their detriment, since Defendants have disavowed and failed to pay for coverage for the loss, in spite of original promises of full, complete, and comprehensive coverage.   Plaintiffs will not have been made whole should Defendants prevail in their position regarding coverage.   If Plaintiffs had not relied on Defendants' promises, they would have sought additional and alternative coverage elsewhere to ensure that they had coverage such as they thought that they had under the Policy.   Plaintiffs changed their position in reliance on Defendants' promises, to their detriment, and as a result sustained damages equivalent to the insurance they would have collected under other policies available to them in the marketplace.

51.     Defendants should not be allowed to benefit from their improper and inequitable conduct.   Plaintiffs should be awarded a grant of coverage for their losses, based up their detrimental reliance on Defendants' false and misleading assurances of adequate coverage.

## COUNT VII
## COMPENSATORY DAMAGES

52.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

53.     Plaintiffs are entitled to full insurance coverage under the Policy for the damages

10

sustained to the Property, as provided for by the Policy.   Plaintiffs are entitled to actual, compensatory damages to cover losses to the structures on the Property and other items covered under the Policy, expenses of litigation, fees, court costs, expenses due under state and/or federal statutes, and all other damages as may be covered under the Policy and shown by the evidence.

## COUNT VIII
## CONSEQUENTIAL DAMAGES

54.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

55.     As a direct and proximate result of Defendants, Plaintiffs have and will suffer consequential damages, including attorneys' fees, expert witness fees, and other costs and expenses of litigation occasioned by Defendants' breach of contract, and for which Plaintiffs should be reimbursed by order of the Court in a post-trial hearing.   Plaintiffs also seek attorneys' fees and damages for emotional distress, as well as amounts due under state and federal statutes.

## COUNT IX
## PUNITIVE DAMAGES

56.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

57.     Plaintiffs seek such other relief as the Court deems appropriate including, but not limited to, an award of punitive damages.   Plaintiffs show that Defendants' denial of their claim in whole or in part, was unreasonable and therefore in bad faith.   Due to Defendants' bad faith denial of the claim, and failure to pay the amount owed on the claim, Plaintiffs are entitled to recover punitive damages, attorneys' fees, and all expenses.

## COUNT X
## APPRAISAL

58.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

59.     Plaintiffs hereby make a written demand for appraisal.

11

60.    Plaintiffs move that this civil action be stayed pending a resolution by appraisal.

## CONCLUSION

61.    Plaintiffs hereby request that the Court accept this Complaint for filing, and after a

trial by jury, render a Judgment in favor of Plaintiffs against Defendants, as follows:

a.    A Judgment of compensatory and general damages under the Policy for the full

amount of the coverage, including all sums due under the coverage(s) provided under the Policy.

b.    An assessment of punitive damages, where appropriate under the law, to punish

and deter Defendants from this type of conduct in the future in refusing to properly adjust claims,

and/or negotiate in good faith, said punitive damages to be determined by the jury.

c.    An award of punitive damages, attorneys' fees, court costs, and expenses to

Plaintiffs for having to bringing this action, as allowed under Alabama law.

d.    A grant of any and all appropriate equitable relief, including injunctive relief against

Defendants that orders Defendants to pay what is owed under the Policy and/or participate in the

appraisal process, and an award of pre-judgment and post-judgment interest appropriate under

Alabama law.

WHEREFORE, Plaintiffs request that upon a trial of this case, that a judgment be entered

against Defendants for full insurance coverage for damage to the Property, punitive damages and

all other relief, including consequential damages, attorneys' fees, court costs, and expenses due

under state and federal statutes, and other remedies as sought for in this Complaint, and any other

further relief which this Court deems fair and just under the circumstances.

Respectfully submitted on this the 23rd day of March of 2015.

Plaintiffs Represented:

BY:   /s/Elizabeth A. Citrin
ELIZABETH A. CITRIN

12

ASB #CIT002
Attorney for Plaintiffs

Elizabeth A. Citrin, Esq.
Elizabeth A. Citrin, P.C.
28080 Highway 98, Suite G
Daphne, AL   36526
Phone:  251-626-8808
Fax:  251-626-8860
Email:  elizabeth@elizabethcitrin.com

Robert H. Turner, Sr.
Turner, Turner and Bryant
416-417 Washington Street
P.O. Box 929
Marion, AL 66756
Phone:  334-683-4111
Email:  rturners@turnerturnerandbryant.com


**DEFENDANTS TO BE SERVED:**

**The Hartford Insurance Company**
**CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL   36104**

**Sentinel Insurance Company, Ltd.**
**CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL   36104**

13

ELECTRONICALLY FILED
3/23/2015 9:48 PM
53-CV-2015-900026.00
CIRCUIT COURT OF
PERRY COUNTY, ALABAMA
MARY MOORE, CLERK

# EXHIBIT A

DOCUMENT 3

This CONTINUATION Page With the Forms And Endorsements
Listed Below CONTINUES Your HOMEOWNERS POLICY.



THE
HARTFORD

**Policy Renewal**

INSURER: SENTINEL INSURANCE COMPANY, LTD
     ONE HARTFORD PLAZA, HARTFORD, CONNECTICUT 06155

DECLARATIONS
DIMENSIONS                           **POLICY NO.** 21 RBB182738

Named Insured and     HAZEWINKEL, DAVID G & SUZANNE E
RESIDENCE PREMISES    1202 WASHINGTON ST
                            MARION             AL 36756

Policy Period 12:01 A.M. Standard Time
at the Residence Premises ⟶     **FROM** 05-26-14   **TO** 05-26-15   **TERM:** 1 YEAR

Producer Name: BLACKBELT INSURORS INC         **CODE:** 251804

    TOTAL POLICY PREMIUM:   $  1,843.00

**COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE.**

| COVERAGES | LIMIT OF LIABILITY |
|---|---|
| SECTION I | |
| A. DWELLING | $ 323,000 |
| B. OTHER STRUCTURES | $ 32,300 |
| C. PERSONAL PROPERTY | $ 242,250 |
| D. LOSS OF USE | $ 64,600 |
| SECTION II | |
| E. PERSONAL LIABILITY: EACH OCCURRENCE | $ 600,000* |
| F. MEDICAL PAYMENTS TO OTHERS: EACH PERSON | $ 2,000 |

DEDUCTIBLE - SECTION I : $ 500 DEDUCTIBLE EXCEPT FOR A WIND/HAIL DEDUCTIBLE
               EQUAL TO 1% OF COVERAGE A.

MORTGAGEE:   LOAN NO. 0335546297
     WELLS FARGO NA #936 ISAOA
     PO BOX 100515
     FLORENCE          SC 29502
     -----------------------------------------------------------------

          BLACKBELT INSURORS INC
COUNTERSIGNED BY ------------------------------AUTHORIZED AGENT

            ----CONTINUED ON PAGE 2-

FORM H-525  (9/03) A                           1893

```
          DECLARATIONS (CONTINUED)               POLICY NO. 21 RBB182738

              NAMED INSURED:  HAZEWINKEL,DAVID G & SUZANNE E


     RATING INFORMATION: 1 FAMILY FRAME DWELLING BUILT IN 1925
        STATE 01 TERR. 00058 PROTECTION CLASS 7 TAX CODE 0146
        FIRE PROTECTION PROVIDER MARION
        WITHIN 500 FEET OF A FIRE HYDRANT AND WITHIN 2 MILES OF A FIRE STATION
        INSIDE CITY LIMITS PREMIUM GROUP 1.20

     FORMS AND ENDORSEMENTS NOW MADE PART OF THIS POLICY:
        (ENTRIES ON ENDORSEMENTS MAY BE LEFT BLANK IF SHOWN ELSEWHERE IN THE POLICY)
        HO 00 03    10 00   SPECIAL FORM              BASIC PREMIUM $ 2,244.00
        HW 01 32    05 08   SPECIAL PROVISIONS - ALABAMA        PREMIUM      NIL
        HO 04 96    10 00   NO SECT II COV-HOME DAY CARE BUSINESS  PREMIUM   NIL
        HW 01 03    06 03   AMENDATORY ENDORSEMENT              PREMIUM      NIL
        HW 01 04    06 03   HOMEOWNERS POLICY POLLUTION EXCLUSION  PREMIUM   NIL
        HO 03 12    10 00   WINDSTORM-HAIL PERCENTAGE DEDUCTIBLE  PREMIUM INCLUDED
        HO 04 55    03 03   IDENTITY FRAUD EXPENSE COVERAGE     PREMIUM $   24.00
        HW 04 17    01 04   SENTINEL SILVER COVERAGE            PREMIUM  INCLUDED
                            THE PERS LIAB LMT INCLUDES AN INCR OF $300,000 *
                            THE MED  PAY  LMT INCLUDES AN INCR OF $  1,000 *
                              HO 04 90 REPLACEMENT COST CONTENTS
                              HW 04 11 ADDITIONAL LIMITS LIABILITY COVERAGE  CAP 1.25
                              HO 04 53 CREDIT CARD INCR LIMITS INCR $ 500 TOTAL $ 1,000
                              HW 04 15 REFRIGERATED PRODUCTS  AMT $ 1,000
                              HO 24 82 PERSONAL INJURY
        HO 04 27    04 02   LIMITED FUNGI, ROT OR BACTERIA COV     PREMIUM      NIL
                            $10,000 PROPERTY DAMAGE    $50,000 LIABILITY
        HO 04 16    10 00   PREMISES ALARM OR FIRE PROT. SYSTEM    CREDIT $   433.00
                            20 PERCENT CREDIT
     COVERAGE E OR F INCREASE                      PREMIUM $     8.00
                                     TOTAL PREMIUM          $ 1,843.00
                            FULL PAY SINGLE BILL   ------------------------------

                                - PLEASE NOTE -
     MATURE HOMEOWNERS SAVINGS APPLIES
     20% ACCOUNT CREDIT APPLIES - INCLUDED IN BASIC PREMIUM
            FORM HO 04 16   10 00 HAS BEEN CHANGED
            SECTION I COVERAGES HAVE BEEN CHANGED

                        THE FOLLOWING ITEMS ARE ENCLOSED FOR YOUR REVIEW.
        PLA-203-0          PRODUCER COMPENSATION NOTICE
        PLP-163-0          IMPORTANT NOTICE LIMIT OF LIABILITY
        PLP-183-0          OUTLINE OF COVERAGE
     THE LIMIT OF LIABILITY FOR SECTION I COVERAGES MAY BE ADJUSTED
     ANNUALLY BASED ON THE INFLATION RATE IN YOUR AREA.
```

FORM H-525   (Ed. 9/03)  A                    01-28-14 04-11-14 04-11-14   1894



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## PREMISES ALARM OR FIRE PROTECTION SYSTEM

We acknowledge the installation of an alarm system and/or automatic sprinkler system approved by us on the "residence premises". You agree to maintain this system or systems, for which we have granted a credit, in working order and to let us know promptly of any change, including removal, made to the system(s).

HO 04 16 10 00                                 Copyright, Insurance Services Office, Inc., 1999

# Outline of Coverage and
# Comprehensive Policy Checklist

The following is an outline of coverage and comprehensive policy checklist of your insurance policy and is for informational purposes only. Alabama law prohibits this checklist from changing any provisions of the insurance contract which is the subject of this checklist. Any endorsement regarding changes in types of coverage, exclusions, limitations, reductions, deductibles, coinsurance, renewal provisions, cancellation provisions, surcharges, or credits is not included in this checklist, unless otherwise indicated. The checklist does not operate to expand coverage beyond the coverage provided in the policy. If there is a contradiction between the checklist and the policy, the terms of this policy govern.

Policyholders should read their policy thoroughly. Policyholders should review their insurance policy annually with their insurance provider to ensure they are adequately covered.

If you have questions regarding your policy, please contact your agent or insurance company. Consumer assistance is available from the Department of Insurance, Consumer Services Division, 1-334-241-4141    or ConsumerServices@insurance.alabama.gov  at www.aldoi.gov.

---

**Policy Type:** Homeowner's
(Homeowners, Tenants, Condominium Unit Owners or Dwelling)

**Description:**
Your Homeowner's                      insurance policy is a package policy that combines coverage for your property that is destroyed or damaged by various perils, and provides you certain coverage for liability exposure.

---

**LIMITS OF INSURANCE**

**Coverage A - Dwelling Structure Coverage** (Place of Residence):
Limit of Insurance: $   323,000    Loss Settlement Basis:
 Replacement Cost

**Coverage B - Other Structure Coverage** (Detached from Dwelling):
Limit of Insurance: $    32,300    Loss Settlement Basis:
 Replacement Cost

**Coverage C - Personal Property Coverage**
Limit of Insurance: $   242,250    Loss Settlement Basis:
 Replacement Cost

**Coverage D - Loss of Use**
Limit of Insurance: $     64,600    Loss Settlement Basis:
Necessary Cost

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION**

| | |
|---|---|
| **DAVE GENE HAZEWINKEL** and **SUZANNE ELAINE HAZEWINKEL,** | |
| **Plaintiffs,** | **Case No.:** |
| **v.** | **(Removed from the Circuit Court of Perry County, Alabama, Case No. 53-CV-2015-900026)** |
| **THE HARTFORD a/k/a THE HARTFORD INSURANCE COMPANY; SENTINEL INSURANCE COMPANY, LTD,** and **Fictitious Defendants A-L,** all of whose true names and legal identities are unknown to Plaintiffs at this time, but who will be substituted by amendment when ascertained, jointly and severally, | |
| **Defendant.** | |

## AFFIDAVIT OF ROMERO MCWILLIAMS

STATE OF ILLINOIS    )
COUNTY OF DUPAGE )

Before me, the undersigned authority, personally appeared Romero McWilliams, who upon being first duly sworn, deposes and says under oath as follows:

1.    My name is Romero McWilliams, and I am an Inside Claim Representative, Central Auto & Property Claims, for The Hartford Financial

Services Group, Inc., a Delaware company ("Hartford"). Sentinel Insurance Company, LTD, a Connecticut company ("Sentinel"), is a wholly owned subsidiary of Hartford.  I am over the age of nineteen years and have personal knowledge of the facts and matters set forth in this affidavit.

2.     Hartford is now and was at the time of the filing of the complaint in 53-CV-2015-900026 in the Circuit Court of Perry County, Alabama (hereinafter the "Complaint") a corporation organized under the laws of the State of Delaware.

3.     Sentinel is now and was at the time of filing of the Complaint a corporation organized under the laws of the State of Connecticut.

4.     The principal place of business for both Hartford and Sentinel is now and was at the time of the filing of the Complaint in Hartford, Connecticut.

5.     Sentinel issued a policy of insurance to the Plaintiffs Dave Gene Hazewinkel and Suzanne Elaine Hazewinkel ("the Hazewinkels"), bearing policy number 21 RBB182738 ("the Policy"). The Policy insured a dwelling, other structures and personal property at 1202 Washington Street, Marion, Alabama ("the Property").

6.     I am currently assigned to handle a claim filed in 2014 by the Hazewinkels relating to the Property.

7.     In March 2014, Sentinel received notice of a claim for damage to the Property allegedly resulting from a hailstorm in March 2013. Sentinel investigated

the claim and employed a structural engineer to inspect the Property. The engineer determined that the roof of the Hazewinkel's dwelling was not damaged by hail, but rather was caused by wear and tear. Therefore, Sentinel denied the claim for damage to the roof of the dwelling. Sentinel paid Plaintiffs $3,298.66 for repair of water damage to the interior of the dwelling.

8.      Plaintiffs retained a contractor who estimated the replacement cost value of the roof at $34,275.92 and the replacement cost value of one storage building at $1,493.13. A true and correct copy of the engineer's report is attached to this affidavit as Exhibit 1. I certify that it is the regular practice of Hartford to retain the documents attached hereto as Exhibit 1, and that those documents were kept in the course of Hartford's regularly conducted business activity.

9.      On January 14, 2015, Sentinel received an email from counsel for the Hazewinkels enclosing a report dated January 9, 2015 from an engineer they retained. The engineer opined that the tile roof on the dwelling was damaged by hail. He opined the cost to repair the Property would be between $45,000 and $50,000, including interior repairs. A true and correct copy of the engineer's report is attached to this affidavit as Exhibit 2. I certify that it is the regular practice of Hartford to retain the documents attached hereto as Exhibit 2, and that those documents were kept in the course of Hartford's regularly conducted business activity.

FURTHER AFFIANT SAYETH NOT.

ROMERO MCWILLIAMS

Sworn to and subscribed this the 23rd day of April, 2015.

OFFICIAL SEAL
CHARLOTTE L. ODEAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-2-2015

Notary Public

My Commission Expires: 8-2-2015

Exhibit 1

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

| | | | |
|---|---|---|---|
| Insured: | David Hazewinkle | | |
| Property: | Washington Ave. | | |
| | Marion , AL 36756 | | |

| | | | |
|---|---|---|---|
| Estimator: | Ralph Hargrove | Business: | (205) 504-5267 |
| Company: | The Companion Group LLC | | |
| Business: | 5454 Soundside Drive | | |
| | Gulf Breeze , FL 32563 | | |

| Claim Number: | | Policy Number: | | Type of Loss: Hail |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Date of Loss: | 4/23/2013 | Date Received: | 3/20/2014 |
| Date Inspected: | | Date Entered: | 3/25/2014 4:00 PM |

| | |
|---|---|
| Price List: | ALTU8X_JUN14 |
| | Restoration/Service/Remodel |
| Estimate: | 2014-03-25-1600 |

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

### 2014-03-25-1600
### DWELLING

**DWELLING**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Remove Acoustic ceiling (popcorn) texture | 0.00 SF | 0.35 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| Acoustic ceiling (popcorn) texture | 0.00 SF | 0.65 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| **Total: DWELLING** | | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |



**Roof1**

| 4002.74 | Surface Area | 40.03 | Number of Squares |
|---|---|---|---|
| 279.84 | Total Perimeter Length | 33.52 | Total Ridge Length |
| 189.33 | Total Hip Length | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Remove Tile roofing - Concrete - "S" or flat tile | 40.03 SQ | 135.35 | 0.00 | 1,083.62 | 6,501.68 | (0.00) | 6,501.68 |
| Tile roofing - Concrete - "S" or flat tile | 46.03 SQ | 354.27 | 771.79 | 3,415.78 | 20,494.62 | (0.00) | 20,494.62 |
| Roofing felt - 30 lb. | 40.03 SQ | 22.74 | 39.39 | 189.94 | 1,139.61 | (0.00) | 1,139.61 |
| Remove Ridge / Hip / Rake cap - tile roofing | 33.52 LF | 1.66 | 0.00 | 11.12 | 66.76 | (0.00) | 66.76 |
| Remove Valley metal | 47.30 LF | 0.45 | 0.00 | 4.26 | 25.55 | (0.00) | 25.55 |
| Valley metal | 47.30 LF | 3.30 | 7.76 | 32.78 | 196.63 | (0.00) | 196.63 |
| Remove Flashing, 14" wide | 14.00 LF | 0.45 | 0.00 | 1.26 | 7.56 | (0.00) | 7.56 |
| Flashing, 14" wide | 14.00 LF | 2.37 | 1.65 | 6.98 | 41.81 | (0.00) | 41.81 |
| To replace the valley metal under front gable. | | | | | | | |
| Remove Flashing - pipe jack - lead | 1.00 EA | 5.38 | 0.00 | 1.08 | 6.46 | (0.00) | 6.46 |
| Flashing - pipe jack - lead | 1.00 EA | 49.17 | 3.42 | 10.52 | 63.11 | (0.00) | 63.11 |
| Remove Flashing - pipe jack - 8" | 1.00 EA | 5.38 | 0.00 | 1.08 | 6.46 | (0.00) | 6.46 |
| Flashing - pipe jack - 8" | 1.00 EA | 41.92 | 2.70 | 8.92 | 53.54 | (0.00) | 53.54 |
| Remove Furnace vent - double wall, 8" | 1.00 LF | 1.02 | 0.00 | 0.20 | 1.22 | (0.00) | 1.22 |
| Furnace vent - double wall, 8" | 1.00 LF | 39.55 | 2.84 | 8.48 | 50.87 | (0.00) | 50.87 |
| Roofer - per hour | 18.00 HR | 64.01 | 0.00 | 230.44 | 1,382.62 | (0.00) | 1,382.62 |
| Four men taking 6 additional hours to remove existing concrete shingles, remove the ridge caps, which are cemented on top of the barrel tile. This also includes prepping deck after concrete is removed. There were unlevel areas where the concrete has settled on top of the 1x6 planked decking. These where not rotten areas, only where the tile have made indentions from the wind and hail loss. | | | | | | | |
| Barricade and warning device - setup and takedown | 5.00 HR | 46.53 | 0.00 | 46.54 | 279.19 | | 279.19 |
| To avoid liability of falling concrete during the removal process. | | | | | | | |
| Barricade/warning sign/traffic cone - Min. equip. charge | 1.00 EA | 52.50 | 0.00 | 10.50 | 63.00 | | 63.00 |

2014-03-25-1600                                6/11/2014          Page: 2

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

### CONTINUED - Roof1

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Remove Tear off, haul and dispose of comp. shingles - 3 tab | 80.05 SQ | 40.55 | 0.00 | 649.20 | 3,895.23 | (0.00) | 3,895.23 |
| Per the engineer from Donan, he mentioned there are two additional layers of 3 tab shingles underneath the S-Tile Roofing. Adding per Hartford's engineer. | | | | | | | |

| | | | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Roof1 | | | 829.55 | 5,712.70 | 34,275.92 | 0.00 | 34,275.92 |



**Bedroom 1**             LxWxH 12' x 11' x 8'

| | | | |
|---|---|---|---|
| 368.00 | SF Walls | 132.00 | SF Ceiling |
| 500.00 | SF Walls & Ceiling | 132.00 | SF Floor |
| 14.67 | SY Flooring | 46.00 | LF Floor Perimeter |
| 96.00 | SF Long Wall | 88.00 | SF Short Wall |
| 46.00 | LF Ceil. Perimeter | | |



**Subroom 1: OFFSET**           LxWxH 2' x 2' x 8'

| | | | |
|---|---|---|---|
| 64.00 | SF Walls | 4.00 | SF Ceiling |
| 68.00 | SF Walls & Ceiling | 4.00 | SF Floor |
| 0.44 | SY Flooring | 8.00 | LF Floor Perimeter |
| 16.00 | SF Long Wall | 16.00 | SF Short Wall |
| 8.00 | LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Drywall Repair - Minimum Charge - Labor and Material | 1.00 EA | 266.28 | 1.21 | 53.50 | 320.99 | (0.00) | 320.99 |
| Paint crown molding - two coats | 54.00 LF | 1.09 | 0.54 | 11.88 | 71.28 | (0.00) | 71.28 |
| Remove Crown molding - 2 1/4" | 54.00 LF | 0.51 | 0.00 | 5.50 | 33.04 | (0.00) | 33.04 |
| Crown molding - 2 1/4" | 54.00 LF | 2.39 | 3.94 | 26.60 | 159.60 | (0.00) | 159.60 |
| Apply anti-microbial agent | 136.00 SF | 0.16 | 0.27 | 4.42 | 26.45 | (0.00) | 26.45 |
| Remove Acoustic ceiling (popcorn) texture | 136.00 SF | 0.35 | 0.00 | 9.52 | 57.12 | (0.00) | 57.12 |
| Acoustic ceiling (popcorn) texture | 136.00 SF | 0.65 | 0.68 | 17.82 | 106.90 | (0.00) | 106.90 |
| Floor protection - self-adhesive plastic film | 136.00 SF | 0.45 | 1.63 | 12.56 | 75.39 | (0.00) | 75.39 |
| Contents - move out then reset | 1.00 EA | 33.77 | 0.00 | 6.76 | 40.53 | (0.00) | 40.53 |

| | | | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Bedroom 1 | | | 8.27 | 148.56 | 891.30 | 0.00 | 891.30 |

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.



**Office**                                                                                          **LxWxH 17' x 11' 7" x 8'**

| | |
|---|---|
| 457.33 SF Walls | 196.92 SF Ceiling |
| 654.25 SF Walls & Ceiling | 196.92 SF Floor |
| 21.88 SY Flooring | 57.17 LF Floor Perimeter |
| 136.00 SF Long Wall | 92.67 SF Short Wall |
| 57.17 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Spot seal w/oil based/hybrid stain blocker | 1.00 EA | 19.25 | 0.24 | 3.90 | 23.39 | (0.00) | 23.39 |
| Remove Acoustic ceiling (popcorn) texture | 196.92 SF | 0.35 | 0.00 | 13.78 | 82.70 | (0.00) | 82.70 |
| Acoustic ceiling (popcorn) texture | 196.92 SF | 0.65 | 0.99 | 25.80 | 154.79 | (0.00) | 154.79 |
| Floor protection - self-adhesive plastic film | 196.92 SF | 0.45 | 2.36 | 18.20 | 109.17 | (0.00) | 109.17 |
| Contents - move out then reset | 1.00 EA | 33.77 | 0.00 | 6.76 | 40.53 | (0.00) | 40.53 |
| Apply anti-microbial agent | 196.92 SF | 0.16 | 0.39 | 6.38 | 38.28 | (0.00) | 38.28 |

| | | | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Totals: Office** | | | 3.98 | 74.82 | 448.86 | 0.00 | 448.86 |



**Bedroom 2**                                                                                   **LxWxH 11' x 8' x 8'**

| | |
|---|---|
| 304.00 SF Walls | 88.00 SF Ceiling |
| 392.00 SF Walls & Ceiling | 88.00 SF Floor |
| 9.78 SY Flooring | 38.00 LF Floor Perimeter |
| 88.00 SF Long Wall | 64.00 SF Short Wall |
| 38.00 LF Ceil. Perimeter | |



**Subroom 1: OFFSET**                                                                        **LxWxH 2' x 2' x 8'**

| | |
|---|---|
| 64.00 SF Walls | 4.00 SF Ceiling |
| 68.00 SF Walls & Ceiling | 4.00 SF Floor |
| 0.44 SY Flooring | 8.00 LF Floor Perimeter |
| 16.00 SF Long Wall | 16.00 SF Short Wall |
| 8.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Apply anti-microbial agent | 92.00 SF | 0.16 | 0.18 | 2.98 | 17.88 | (0.00) | 17.88 |
| Remove Crown molding - 2 1/4" | 46.00 LF | 0.51 | 0.00 | 4.70 | 28.16 | (0.00) | 28.16 |
| Crown molding - 2 1/4" | 46.00 LF | 2.39 | 3.36 | 22.66 | 135.96 | (0.00) | 135.96 |
| Paint crown molding - two coats | 46.00 LF | 1.09 | 0.46 | 10.12 | 60.72 | (0.00) | 60.72 |
| Remove 1/2" drywall - hung, taped, ready for texture | 46.00 SF | 0.33 | 0.00 | 3.04 | 18.22 | (0.00) | 18.22 |
| 1/2" drywall - hung, taped, ready for texture | 46.00 SF | 1.23 | 1.79 | 11.68 | 70.05 | (0.00) | 70.05 |
| Remove Blown-in insulation - 12" depth - R30 | 46.00 SF | 0.75 | 0.00 | 6.90 | 41.40 | (0.00) | 41.40 |
| Blown-in insulation - 12" depth - R30 | 46.00 SF | 0.79 | 2.71 | 7.80 | 46.85 | (0.00) | 46.85 |

2014-03-25-1600                                                                   6/11/2014                      Page: 4

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

### CONTINUED - Bedroom 2

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Remove Acoustic ceiling (popcorn) texture | 92.00 SF | 0.35 | 0.00 | 6.44 | 38.64 | (0.00) | 38.64 |
| Acoustic ceiling (popcorn) texture | 92.00 SF | 0.65 | 0.46 | 12.06 | 72.32 | (0.00) | 72.32 |
| Floor protection - self-adhesive plastic film | 92.00 SF | 0.45 | 1.10 | 8.50 | 51.00 | (0.00) | 51.00 |
| Contents - move out then reset | 1.00 EA | 33.77 | 0.00 | 6.76 | 40.53 | (0.00) | 40.53 |
| **Totals: Bedroom 2** | | | 10.06 | 103.64 | 621.73 | 0.00 | 621.73 |



| Bedroom 3 | LxWxH 17' x 13' 7" x 8' |
|---|---|
| 489.33 SF Walls | 230.92 SF Ceiling |
| 720.25 SF Walls & Ceiling | 230.92 SF Floor |
| 25.66 SY Flooring | 61.17 LF Floor Perimeter |
| 136.00 SF Long Wall | 108.67 SF Short Wall |
| 61.17 LF Ceil. Perimeter | |



| Subroom 1: OFFSET | LxWxH 5' x 1' 6" x 8' |
|---|---|
| 104.00 SF Walls | 7.50 SF Ceiling |
| 111.50 SF Walls & Ceiling | 7.50 SF Floor |
| 0.83 SY Flooring | 13.00 LF Floor Perimeter |
| 40.00 SF Long Wall | 12.00 SF Short Wall |
| 13.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Apply anti-microbial agent | 238.42 SF | 0.16 | 0.48 | 7.74 | 46.37 | (0.00) | 46.37 |
| Remove Acoustic ceiling (popcorn) texture | 238.42 SF | 0.35 | 0.00 | 16.70 | 100.15 | (0.00) | 100.15 |
| Acoustic ceiling (popcorn) texture | 238.42 SF | 0.65 | 1.19 | 31.24 | 187.40 | (0.00) | 187.40 |
| Remove Crown molding - 2 1/4" | 74.17 LF | 0.51 | 0.00 | 7.56 | 45.39 | (0.00) | 45.39 |
| Crown molding - 2 1/4" | 74.17 LF | 2.39 | 5.41 | 36.54 | 219.22 | (0.00) | 219.22 |
| Paint crown molding - two coats | 74.17 LF | 1.09 | 0.74 | 16.32 | 97.91 | (0.00) | 97.91 |
| Remove 1/2" drywall - hung, taped, ready for texture | 119.21 SF | 0.33 | 0.00 | 7.86 | 47.20 | (0.00) | 47.20 |
| 1/2" drywall - hung, taped, ready for texture | 119.21 SF | 1.23 | 4.65 | 30.26 | 181.54 | (0.00) | 181.54 |
| Remove Blown-in insulation - 12" depth - R30 | 119.21 SF | 0.75 | 0.00 | 17.88 | 107.29 | (0.00) | 107.29 |
| Blown-in insulation - 12" depth - R30 | 119.21 SF | 0.79 | 7.03 | 20.24 | 121.45 | (0.00) | 121.45 |
| Seal/prime then paint the walls (2 coats) | 593.33 SF | 0.74 | 8.90 | 89.60 | 537.56 | (0.00) | 537.56 |
| Remove Carpet | 238.42 SF | 0.21 | 0.00 | 10.02 | 60.09 | (0.00) | 60.09 |
| Carpet | 274.18 SF | 2.44 | 50.18 | 143.84 | 863.02 | (0.00) | 863.02 |

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

### CONTINUED - Bedroom 3

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 15 % waste added for Carpet. | | | | | | | |
| Remove Carpet pad | 238.42 SF | 0.09 | 0.00 | 4.30 | 25.76 | (0.00) | 25.76 |
| Carpet pad | 238.42 SF | 0.56 | 11.21 | 28.94 | 173.67 | (0.00) | 173.67 |
| Contents - move out then reset | 1.00 EA | 33.77 | 0.00 | 6.76 | 40.53 | (0.00) | 40.53 |
| Totals: Bedroom 3 | | | 89.79 | 475.80 | 2,854.55 | 0.00 | 2,854.55 |



**Kitchen**                                                                LxWxH 14' x 11' 6" x 8'

| 408.00 SF Walls | 161.00 SF Ceiling |
|---|---|
| 569.00 SF Walls & Ceiling | 161.00 SF Floor |
| 17.89 SY Flooring | 51.00 LF Floor Perimeter |
| 112.00 SF Long Wall | 92.00 SF Short Wall |
| 51.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Apply anti-microbial agent | 161.00 SF | 0.16 | 0.32 | 5.22 | 31.30 | (0.00) | 31.30 |
| Remove Acoustic ceiling (popcorn) texture | 161.00 SF | 0.35 | 0.00 | 11.28 | 67.63 | (0.00) | 67.63 |
| Acoustic ceiling (popcorn) texture | 161.00 SF | 0.65 | 0.81 | 21.10 | 126.56 | (0.00) | 126.56 |
| Floor protection - self-adhesive plastic film | 161.00 SF | 0.45 | 1.93 | 14.88 | 89.26 | (0.00) | 89.26 |
| Contents - move out then reset | 1.00 EA | 33.77 | 0.00 | 6.76 | 40.53 | (0.00) | 40.53 |
| Totals: Kitchen | | | 3.06 | 59.24 | 355.28 | 0.00 | 355.28 |



**Trophy Room**                                                            LxWxH 13' x 12' x 8'

| 400.00 SF Walls | 156.00 SF Ceiling |
|---|---|
| 556.00 SF Walls & Ceiling | 156.00 SF Floor |
| 17.33 SY Flooring | 50.00 LF Floor Perimeter |
| 104.00 SF Long Wall | 96.00 SF Short Wall |
| 50.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Apply anti-microbial agent | 156.00 SF | 0.16 | 0.31 | 5.06 | 30.33 | (0.00) | 30.33 |
| Remove Acoustic ceiling (popcorn) texture | 156.00 SF | 0.35 | 0.00 | 10.92 | 65.52 | (0.00) | 65.52 |
| Acoustic ceiling (popcorn) texture | 156.00 SF | 0.65 | 0.78 | 20.44 | 122.62 | (0.00) | 122.62 |
| Remove Crown molding - 2 1/4" | 50.00 LF | 0.51 | 0.00 | 5.10 | 30.60 | (0.00) | 30.60 |

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

### CONTINUED - Trophy Room

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Crown molding - 2 1/4" | 50.00 LF | 2.39 | 3.65 | 24.64 | 147.79 | (0.00) | 147.79 |
| Paint crown molding - two coats | 50.00 LF | 1.09 | 0.50 | 11.00 | 66.00 | (0.00) | 66.00 |
| Remove 1/2" drywall - hung, taped, ready for texture | 78.00 SF | 0.33 | 0.00 | 5.14 | 30.88 | (0.00) | 30.88 |
| 1/2" drywall - hung, taped, ready for texture | 78.00 SF | 1.23 | 3.04 | 19.78 | 118.76 | (0.00) | 118.76 |
| Remove Blown-in insulation - 12" depth - R30 | 78.00 SF | 0.75 | 0.00 | 11.70 | 70.20 | (0.00) | 70.20 |
| Blown-in insulation - 12" depth - R30 | 78.00 SF | 0.79 | 4.60 | 13.24 | 79.46 | (0.00) | 79.46 |
| Seal/prime then paint the walls (2 coats) | 400.00 SF | 0.74 | 6.00 | 60.40 | 362.40 | (0.00) | 362.40 |
| Contents - move out then reset | 1.00 EA | 33.77 | 0.00 | 6.76 | 40.53 | (0.00) | 40.53 |
| Floor protection - self-adhesive plastic film | 156.00 SF | 0.45 | 1.87 | 14.42 | 86.49 | (0.00) | 86.49 |
| Totals: Trophy Room | | | 20.75 | 208.60 | 1,251.58 | 0.00 | 1,251.58 |

### Debris Removal

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Dumpster load - Approx. 20 yards, 4 tons of debris | 1.00 EA | 421.19 | 0.00 | 84.24 | 505.43 | (0.00) | 505.43 |
| Totals: Debris Removal | | | 0.00 | 84.24 | 505.43 | 0.00 | 505.43 |
| Total: DWELLING | | | 965.46 | 6,867.60 | 41,204.65 | 0.00 | 41,204.65 |

### Other Structures

#### Storage Building

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Remove Storage shed - Metal - Barn type (gambrel) - 10' x 8' | 1.00 EA | 118.04 | 0.00 | 23.60 | 141.64 | (0.00) | 141.64 |
| Storage shed - Metal - Barn type (gambrel) - 10' x 8' | 1.00 EA | 891.49 | 59.06 | 190.12 | 1,140.67 | (0.00) | 1,140.67 |
| Totals: Storage Building | | | 59.06 | 213.72 | 1,282.31 | 0.00 | 1,282.31 |

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

### Debris Removal

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Single axle dump truck - per load - including dump fees | 1.00 EA | 175.68 | 0.00 | 35.14 | 210.82 | (0.00) | 210.82 |
| For storage building. | | | | | | | |
| Totals: Debris Removal | | | 0.00 | 35.14 | 210.82 | 0.00 | 210.82 |
| Total: Other Structures | | | 59.06 | 248.86 | 1,493.13 | 0.00 | 1,493.13 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Heat, vent, & air cond. labor minimum | 1.00 EA | 209.56 | 0.00 | 41.92 | 251.48 | (0.00) | 251.48 |
| Temporary repair services labor minimum | 1.00 EA | 10.83 | 0.00 | 2.16 | 12.99 | (0.00) | 12.99 |
| Totals: Labor Minimums Applied | | | 0.00 | 44.08 | 264.47 | 0.00 | 264.47 |
| Line Item Totals: 2014-03-25-1600 | | | 1,024.52 | 7,160.54 | 42,962.25 | 0.00 | 42,962.25 |

### Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 2,658.67 | SF Walls | 980.33 | SF Ceiling | 3,639.00 | SF Walls and Ceiling |
| 980.33 | SF Floor | 108.93 | SY Flooring | 332.33 | LF Floor Perimeter |
| 744.00 | SF Long Wall | 585.33 | SF Short Wall | 332.33 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 80.89 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 4,002.74 | Surface Area | 40.03 | Number of Squares | 559.68 | Total Perimeter Length |
| 33.52 | Total Ridge Length | 189.33 | Total Hip Length | | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Dwelling | 41,469.12 | 96.52% | 41,469.12 | 96.52% |
| Other Structures | 1,493.13 | 3.48% | 1,493.13 | 3.48% |
| Contents | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 42,962.25 | 100.00% | 42,962.25 | 100.00% |

PCN: 3001420140717200944 DCN: 3001420140717200944001 Received Date/Time: 7/17/2014 9:52:00 AM Page 13 of 49

**Bennett Roofing & Construction LLC**

2002 Snoody Chapel Road
Jasper, Al.

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 33,591.98 |
| Material Sales Tax | 965.46 |
| Subtotal | 34,557.44 |
| Overhead | 3,455.84 |
| Profit | 3,455.84 |
| **Replacement Cost Value** | **$41,469.12** |
| Less Deductible | (3,300.00) |
| **Net Claim** | **$38,169.12** |

Ralph Hargrove

PCN: 3001420140717200094 DCN: 3001420140717200094001 Received Date/Time: 7/17/2014 9:52:00 AM Page 14 of 49

**Bennett Roofing & Construction LLC**

2002 Snoody Chapel Road
Jasper, Al.

## Summary for Other Structures

| | |
|---|---:|
| Line Item Total | 1,185.21 |
| Material Sales Tax | 59.06 |
| Subtotal | 1,244.27 |
| Overhead | 124.43 |
| Profit | 124.43 |
| **Replacement Cost Value** | **$1,493.13** |
| **Net Claim** | **$1,493.13** |

Ralph Hargrove

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

### Recap of Taxes, Overhead and Profit

|  | Overhead (10%) | Profit (10%) | Material Sales Tax (10%) | Storage Rental Tax (10%) |
|---|---|---|---|---|
| Line Items | 3,580.27 | 3,580.27 | 1,024.52 | 0.00 |
| Total | 3,580.27 | 3,580.27 | 1,024.52 | 0.00 |

2014-03-25-1600                                             6/11/2014        Page: 11

**Bennett Roofing & Construction LLC**

2002 Snoody Chapel Road
Jasper, Al.

## Recap by Room

Estimate: 2014-03-25-1600

**Area: DWELLING**

| | | | |
|---|---|---|---|
| Roof1 | | **27,733.67** | **79.75%** |
| Coverage: Dwelling | 100.00% = | 27,733.67 | |
| Bedroom 1 | | **734.47** | **2.11%** |
| Coverage: Dwelling | 100.00% = | 734.47 | |
| Office | | **370.06** | **1.06%** |
| Coverage: Dwelling | 100.00% = | 370.06 | |
| Bedroom 2 | | **508.03** | **1.46%** |
| Coverage: Dwelling | 100.00% = | 508.03 | |
| Bedroom 3 | | **2,288.96** | **6.58%** |
| Coverage: Dwelling | 100.00% = | 2,288.96 | |
| Kitchen | | **292.98** | **0.84%** |
| Coverage: Dwelling | 100.00% = | 292.98 | |
| Trophy Room | | **1,022.23** | **2.94%** |
| Coverage: Dwelling | 100.00% = | 1,022.23 | |
| Debris Removal | | **421.19** | **1.21%** |
| Coverage: Dwelling | 100.00% = | 421.19 | |
| **Area Subtotal:  DWELLING** | | **33,371.59** | **95.96%** |
| Coverage: Dwelling | 100.00% = | 33,371.59 | |
| **Area: Other Structures** | | | |
| Storage Building | | **1,009.53** | **2.90%** |
| Coverage: Other Structures | 100.00% = | 1,009.53 | |
| Debris Removal | | **175.68** | **0.51%** |
| Coverage: Other Structures | 100.00% = | 175.68 | |
| **Area Subtotal:  Other Structures** | | **1,185.21** | **3.41%** |
| Coverage: Other Structures | 100.00% = | 1,185.21 | |
| Labor Minimums Applied | | **220.39** | **0.63%** |
| Coverage: Dwelling | 100.00% = | 220.39 | |
| **Subtotal of Areas** | | **34,777.19** | **100.00%** |
| Coverage: Dwelling | 96.59% = | 33,591.98 | |
| Coverage: Other Structures | 3.41% = | 1,185.21 | |
| **Total** | | **34,777.19** | **100.00%** |

PCN: 3001420140717200094 DCN: 3001420140717200094001 Received Date/Time: 7/17/2014 9:52:00 AM Page 17 of 49

## Bennett Roofing & Construction LLC

2002 Snoody Chapel Road
Jasper, Al.

## Recap by Category

| O&P Items | | | Total | % |
|---|---|---|---:|---:|
| **CONTENT MANIPULATION** | | | **202.62** | 0.47% |
| Coverage: Dwelling | @ | 100.00% = | 202.62 | |
| **GENERAL DEMOLITION** | | | **10,265.66** | 23.89% |
| Coverage: Dwelling | @ | 97.14% = | 9,971.94 | |
| Coverage: Other Structures | @ | 2.86% = | 293.72 | |
| **DRYWALL** | | | **1,202.65** | 2.80% |
| Coverage: Dwelling | @ | 100.00% = | 1,202.65 | |
| **FLOOR COVERING - CARPET** | | | **802.52** | 1.87% |
| Coverage: Dwelling | @ | 100.00% = | 802.52 | |
| **FINISH CARPENTRY / TRIMWORK** | | | **535.77** | 1.25% |
| Coverage: Dwelling | @ | 100.00% = | 535.77 | |
| **HEAT, VENT & AIR CONDITIONING** | | | **249.11** | 0.58% |
| Coverage: Dwelling | @ | 100.00% = | 249.11 | |
| **INSULATION** | | | **192.14** | 0.45% |
| Coverage: Dwelling | @ | 100.00% = | 192.14 | |
| **PAINTING** | | | **1,332.52** | 3.10% |
| Coverage: Dwelling | @ | 100.00% = | 1,332.52 | |
| **ROOFING** | | | **18,649.87** | 43.41% |
| Coverage: Dwelling | @ | 100.00% = | 18,649.87 | |
| **TEMPORARY REPAIRS** | | | **295.98** | 0.69% |
| Coverage: Dwelling | @ | 100.00% = | 295.98 | |
| **WATER EXTRACTION & REMEDIATION** | | | **156.86** | 0.37% |
| Coverage: Dwelling | @ | 100.00% = | 156.86 | |
| **EXTERIOR STRUCTURES** | | | **891.49** | 2.08% |
| Coverage: Other Structures | @ | 100.00% = | 891.49 | |
| **O&P Items Subtotal** | | | **34,777.19** | 80.95% |
| **Material Sales Tax** | | | **1,024.52** | 2.38% |
| Coverage: Dwelling | @ | 94.24% = | 965.46 | |
| Coverage: Other Structures | @ | 5.76% = | 59.06 | |
| **Overhead** | | | **3,580.27** | 8.33% |
| Coverage: Dwelling | @ | 96.52% = | 3,455.84 | |
| Coverage: Other Structures | @ | 3.48% = | 124.43 | |
| **Profit** | | | **3,580.27** | 8.33% |
| Coverage: Dwelling | @ | 96.52% = | 3,455.84 | |
| Coverage: Other Structures | @ | 3.48% = | 124.43 | |
| **Total** | | | **42,962.25** | 100.00% |

Exhibit 2



7600 North 16th Street
Suite 110
Phoenix, AZ 85020

602.266.8288 PHONE
602.266.9355 FAX

www.trcsolutions.com

January 9, 2015

**Elizabeth A. Citrin, Esq.**
**Elizabeth A. Citrin, P.C.**
28311 North Main Street
Daphne, AL 36526
Phone: (251) 626-8808          via email to: elizabeth@elizabethcitrin.com

**Ref:  Hail Damage Investigation Report**
**Hazewinkel Residence**
**1202 Washington Street**
**Marion, AL 36756**
**TRC Project #228340**

Dear Ms. Citrin:

The services described herein, and this report, are in support of the negotiation and/or litigation of the above claim. The services were authorized by you on November 18, 2014.

## EXECUTIVE SUMMARY

The roof of the subject home was reportedly damaged by a hail storm event on March 23, 2013. This author's professional opinions are that the old tile roof was damaged by hailstones of unknown size but believed to be up to 1.75 inches in diameter; because of the age and brittleness of the old roof tiles, they could have been damaged by smaller hail if it occurred; the water damage to the interior of the home is the result of the reported and verified hail storm; and based on a review of estimates by others, and this author's addition of appropriate allowances and contingencies, the value of the loss appears to be approximately between $45,000.00 and $50,000.00.

## BACKGROUND

The roof of the subject home was reportedly damaged by a hail storm event on March 23, 2013. At your request, Mr. Rhea Converse, Professional Engineer (P.E.), Registered Roof Consultant (RRC), of TRC Environmental Corporation (TRC) performed a visual inspection of the roof on November 20, 2014.

Hail Damage Investigation
Hazewinkel Residence
1202 Washington Street, Marion, AL  36756

January 9, 2015

Prior to the author's inspection, a visual inspection had been performed by Mr. Ralph Hargrove, an independent adjuster, who provided three roof photos of near-by tile roofs which also suffered hail damage from the same hailstorm.

Bennett Roofing & Construction LLC inspected the roof on March 19, 2014 and provided a replacement estimate on March 26, 2014.

Crawford and Company inspected the subject home on March 26, 2014 and provided an estimate dated April 2, 2014.

Donan Engineering Co., Inc. inspected the subject home on April 17, 2014 and provided a report dated April 24, 2014.

This author inspected the home on November 20, 2014.  Photographs and professional opinions are provided herein.

## OBSERVATIONS, FINDINGS & PROFESSIONAL OPINIONS

Each of the above inspections and/or reports is discussed below, some briefly, some in more detail.  This discussion is based on this author's inspection plus his years of training and experience.

I.    <u>Ralph Hargrove, Independent Adjuster, photographs of nearby collateral damage to tile roofs.</u>

    A.   This author's professional opinions are as follows:

        1.   These three photographs provide additional evidence of the hail storm in the neighborhood.  See Attachment A.  Note that all of these damaged roofs were tile roofs.

II.   <u>Bennett Roofing & Construction LLC replacement estimate dated March 26, 2014.</u>

    A.   This author's professional opinions are as follows:

        1.   Quantities and pricing appear to be accurate.
        2.   The estimate appears to be thorough and well done.
        3.   The total repair/replacement estimate includes roof replacement and appropriate interior renovations.
        4.   The total estimate cost of $29,020.47 appears to be low because there are no items for removal of the shingle roof(s) or for the replacement of bad decking on an "as-needed" basis.   These items would add approximately $5,000.00 to $10,000.00.
        5.   Also, the estimate includes no allowances or contingencies for the proper removal of lead-based paint or asbestos if encountered.   This "environmental" allowance could add $10,000.00 or more.



6. Based on the above, the total value of the loss is approximately between $44,020.47 and $49,920.47.

III. <u>Crawford and Company estimate dated April 2, 2014.</u>

   A.  This author's professional opinions are as follows:

      1. As above, this estimate appears to be thorough and well done.  The total estimated cost of $30,016.35 appears to be low.

      2. The addition of $5,000.00 to $10,000.00 for shingle removal and decking repairs plus "environmental" allowance of $10,000.00 brings the total estimated loss value to between approximately $45,016.35 and $50,016.35.

IV. <u>Donan Engineering Co. report dated April 24, 2014</u>

   A.  This author's professional opinions are as follows:

      1. With the exception of some of the conclusions and some omissions that were not addressed, the report appears to be professionally prepared.

      2. The report states that the National Oceanic and Atmospheric Administration (NOAA) Storm Prediction Center (SPC) reported that hail up to one and three-quarter (1.75) inches in diameter fell in Marion, Alabama, near Judson College, on March 23, 2013.

      3. There appears to be general agreement concerning the statement in 2, above.

      4. Note that the subject home is only one-half (1/2) mile from Judson College as the crow flies.  See photo 70.  Thus the home is considered to be in the neighborhood of Judson College.  A hailstone driven by a typical 60-mile per hour storm wind would cover that distance in only 30 seconds.

      5. The Donan inspection and report occurred more than one year after the hail storm, thus "collateral indications of hail" such as "clean spots" (also sometimes called "spatter" or "splatter" marks) would have weathered away during that year.

      6. Collateral dents are not always indicative of hail size because research thereof has been primarily conducted in laboratories by firing round "ice balls" of various sizes and hardness at various materials at various speeds.  While providing generally useful information, such research is not necessarily indicative of actual hailstones which come in a near-infinite variety of shapes, sizes, impact speeds and impact angles.  They often have sharp points and jagged edges.  See photos 71-73.

      7. The Observations section of the report fails to mention the fact that the home was approximately eighty-eight (88) years old at the time of the loss.  Thus, it is to be expected that there is an underlying roof (shingles), and that the tile roof has historical repairs.



8. Likewise, it is to be expected that the wood roof framing in the attic is water stained.  In fact, some of it appears to be water damaged.

9. In the Analysis section, the report states "hail damage to concrete tiles can be defined as an identifiable fracture caused by hail that has measurably and significantly reduced the integrity or functionality of the overall tile, where the tile was sound prior to the hail impact."

10. The report references a 2004 report by Marshall & Herzog and states "Specifically, their work included simulated hailstone impact tests to concrete tiles and concluded that functional hail damage typically occurs from hail stones 1.75 inches or greater – indicating this as a general threshold value for damage."

11. The above statement is reasonable for "simulated" laboratory tests on "new," "modern," "factory-made" concrete roof tiles.  As will be discussed later, it may not be an accurate statement for "very old," perhaps "hand-molded," "extremely weathered" roof tiles during an actual (not simulated) hail storm.

12. The report states, "Corner fractures and other cracks in roof tiles can sometimes be mistaken as impact damage."  The report fails to mention that the converse is also true in that corner fractures and other cracks in roof tiles that are caused by hail storms can sometimes be mistaken as being from other causes.

13. The report states "Inadvertent man-made damage was observed on this roof."  Because of the age and brittleness of these old roof tiles, it is certainly possible that such damage has occurred.  That does not exclude the probability that hail damage also occurred.

14. This author's discussion of the above report's Conclusions is included, indirectly, in Section V, below, and in the CONCLUSIONS section.

V.  **TRC's roof and property inspection on November 20, 2014, form the basis of this entire report.**

A. This author's professional opinions are as follows:

1. Attachment B hereto contains selected TRC photographs of the roof on November 20, 2014, plus several photos from the Donan report.

2. Both attachments hereto are integral components of this report and should be reviewed along with this text.

3. The home appears to have been 88 years old (circa 1925) at the time of the loss. (Photo 1)

4. The home appears to have been well-maintained.  (Photos 2-14)

5. The roof tiles appear to be quite old, perhaps 30, 40, 50 or more years as seen in many of the photos.

6. These roof tiles may have been "hand-molded" by the roofer using molds that were commercially available in the 1950's and 1960's.  Or, they may be somewhat newer.  In either case, they are quite old, weather beaten and therefore brittle.



7. Although the roof tiles are much thicker on the ends, their main surface areas are only one-quarter inch thick (Photos 56 and 66). Thus, there is little doubt that these old tiles are quite brittle. The thin areas are also the part of the tiles that are not supported, except at the edges.

8. Attachment A shows two nearby tile roofs with hail damage.

9. Photo 18 shows the next door neighbor's new roof which was reportedly required because of hail damage.

10. Photos 16, 17, 19, 21, 23, 26-31, 36, 39, 44, 51, 52, 56 and 63-66 show likely hail damage. Note that old, brittle roof tiles can break or shatter or chip from hailstone impacts, whereas softer materials such as more common asphalt shingles show a visible dent.

11. Photo 20 shows old caulking repairs.

12. Photos 22, 24, 25, 35, 37-39, 50, 53, 54 and 57 are likely some combination of manufacturing defects, foot-traffic damage and hail storm damage.

13. Photos 32-34 show hailstone dents in the heavy, age-hardened lead flashing and in the aluminum vent cap.

14. Photo 45 shows the typical layers of old, weathered, peeling paint.

15. Photo 46 shows a typical "sand-blasted" appearance which is likely the result of the hail storm. These areas occurred at random across the roof.

16. Photos 7-12 show interior water damage as a result of the hail storm.

17. Photos 67-69 are typical Donan Engineering Co. photos which show existing water damage to the wood roof decking from inside the attic. Such historical damage could have occurred at any previous time during the home's eighty-eight (88) year history.

## CONCLUSIONS

A. This author's professional opinions are as follows:

1. The old tile roof was damaged by hailstones of unknown size but believed to be up to 1.75 inches in diameter.

2. Because of the age and brittleness of the old roof tiles, they could have been damaged by smaller hail if it occurred.

3. The water damage to the interior of the home is the result of the reported and verified hail storm.

4. Based on a review of estimates by others, and this author's addition of appropriate allowances and contingencies, the value of the loss appears to be approximately between $45,000.00 and $50,000.00.

## CONDITIONS AND LIMITATIONS

TRC has performed the tasks set forth above in a professional, objective and reasonable manner in accordance with generally accepted industry standards and ethical guidelines. TRC cannot guarantee and does not warrant that this limited roof inspection/hail damage assessment has revealed all adverse conditions. This report has been prepared for the sole use and benefit of Client and shall not be relied upon by third parties. Any reliance



by third parties is done so at their own risk.  The results and opinions set forth by TRC are based upon the site observations and information in our possession as of the date of this report.

If you have any questions, please contact the undersigned.  Please contact us whenever we may be of further service to you.

Respectfully submitted,

**TRC Environmental Corporation**

Rhea P. Converse, P.E. (GA, FL), RRC
Senior Building Envelope Consultant
Principal Engineer
Cell: 205.335.2957
Cell: 702.325.9276
(Inspector & Report Author)

Josh Lewis, CIE
Central & Western Region,
BSI/QAC Practice Leader
Office: 602.266.8288, X-209
Cell: 303.323.5644
(Report Reviewer)



Exhibit C

AVSO702

**ALABAMA JUDICIAL DATA CENTER**
**PERRY          COUNTY**
**SERVICE NOTICE**

CV 2015 900026.00
COLLINS PETTAWAY, JR

IN THE CIRCUIT COURT OF   PERRY        COUNTY

DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE D001

TURNEY KENNETH W
834 E BELVEDERE AVE
300 ST PAUL PLACE
BALTIMORE  MD  21212

CASE NUMBER: CV 2015 900026 00
PARTY NUMBER:C001

YOUR ATTORNEY CODE IS TUR001

THE SUMMONS AND COMPLAINT         WAS SERVED ON THE HARTFORD AKA THE H
ON 03/25/2015 BY: CERTIFIED MAIL.

CONCERNING: THE HARTFORD AKA THE HARTFOR
C/O CT CORP. SYS-STE 605
2 NORTH JACKSON STREET
MONTGOMERY      ,AL  36104-0000

DATE:03/27/2015   CLERK:MARY COSBY MOORE
PO BOX 505
MARION  AL  36756
(334)683-6106

OPERATOR: OUC
PREPARED: 03/27/2015

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Hartford AKA The Hartford Insurance Co.
C/O Ct Corp Sys Ste 605
2 North Jackson Street
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Laura Payne_
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
FILED IN OFFICE
MAR 27 2013
PERRY COUNTY COURTS
3-25-13

Mary Cosby Moore
CIRCUIT CLERK

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7014 2870 0002 0275 6467

CV-2015-900026

PS Form 3811, July 2013   Domestic Return Receipt

Exhibit D

```
AVSO702                    ALABAMA JUDICIAL DATA CENTER
                                  PERRY        COUNTY
                               SERVICE NOTICE
                                                   CV 2015 900026.00
                                              COLLINS PETTAWAY, JR
--------------------------------------------------------------------------

                    IN THE CIRCUIT  COURT OF    PERRY          COUNTY

      DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE D002


            CITRIN ELIZABETH ANNE              CASE NUMBER: CV 2015 900026 00
            28311 N MAIN ST STE B200           PARTY NUMBER:C001

            DAPHNE  AL  36526

         YOUR ATTORNEY CODE IS CIT002

      THE SUMMONS AND COMPLAINT           WAS SERVED ON SENTINEL INSURANCE COM
      ON 03/25/2015 BY: CERTIFIED MAIL.

            CONCERNING: SENTINEL INSURANCE COMPANY,
                        C/O CT CORP. SYS-STE 605
                        2 NORTH JACKSON STREET
                        MONTGOMERY      ,AL  36104-0000




                     DATE:03/27/2015   CLERK:MARY COSBY MOORE
                                          PO BOX 505
                                          MARION  AL  36756
                                          (334)683-6106

--------------------------------------------------------------------------
OPERATOR: OUC
PREPARED: 03/27/2015
```

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sentinel Insurance
Company, LTD
c/o ct Corp. Sys-ste 665
2 North Jackson Street
Montgomery, AL 36104

2. Article Number
*(Transfer from service label)*

7014 2870 0002 0275 6450

PS Form 3811, July 2013          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Palma Perry_          ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

FILED IN OFFICE
PERRY COUNTY COURTS
MAR 27 2015

*Mary Cosby Moore*
*CIRCUIT CLERK*

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☑ Certified Mail®       ☐ Priority Mail Express™
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)          ☐ Yes

CV - 2015 - 900026

Exhibit E

DOCUMENT 1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**53-CV-201**<br>Date of Filing:<br>03/23/2015 | ELECTRONICALLY FILED<br>3/23/2015 9:48 PM<br>53-CV-2015-900026.00<br>CIRCUIT COURT OF<br>PERRY COUNTY, ALABAMA<br>MARY MOORE, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF PERRY COUNTY, ALABAMA
### DAVID GENE HAZEWINKEL ET AL v. THE HARTFORD AKA THE HARTFORD INSURANCE CO. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual          **First Defendant:** ☑ Business  ☐ Individual
                     ☐ Government ☐ Other                                  ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☑ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**       A ☐ **APPEAL FROM DISTRICT COURT**       O ☐ **OTHER**

            R ☐ **REMANDED**           T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**       _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   CIT002        3/23/2015 9:48:22 PM        /s/ Elizabeth A. Citrin

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided

DOCUMENT 2

ELECTRONICALLY FILED
3/23/2015 9:48 PM
53-CV-2015-900026.00
CIRCUIT COURT OF
PERRY COUNTY, ALABAMA
MARY MOORE, CLERK

## IN THE CIRCUIT COURT OF PERRY COUNTY, ALABAMA

DAVE GENE HAZEWINKEL and     \*
SUZANNE ELAINE HAZEWINKEL,     \*
    \*
       Plaintiffs,     \*
    \*
v.     \*     **CIVIL ACTION NO.:**
    \*
THE HARTFORD a/k/a THE HARTFORD   \*
INSURANCE COMPANY; SENTINEL     \*
INSURANCE  COMPANY, LTD, and;     \*
Fictitious Defendants A-L, all of whose     \*
true names and legal identities are     \*
unknown to Plaintiffs at this time, but who   \*
will be substituted by amendment when     \*
ascertained, jointly and severally,     \*
    \*
       Defendants.     \*

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, David Gene Hazewinkel and Suzanne Elaine Hazewinkel (the "Plaintiffs"), and file this Complaint against Defendants and state as follows:

### INTRODUCTION

1.     This is a breach of contract and breach of fiduciary duty action arising out of a Hartford insurance policy bearing Policy number 21-RBB182738 (the "Policy"). *See* Declarations of Insurance, Outline of Coverage, and related documents, attached as Exhibit A.

2.     Plaintiffs, David Gene Hazewinkel and Suzanne Elaine Hazewinkel, hold the Policy issued by The Hartford, a/k/a The Hartford Insurance Company and its underwriter, Sentinel Insurance Company, Ltd (the "Defendants"), and they have the right to sue under this Policy.

3.     The Policy insures the property owned and lived in by Mr. and Mrs. Hazewinkel,

1

and insured by Defendants.   The subject property is located at 1202 Washington Street, Marion, Perry County, Alabama, 36756 (the "Property").

4.      The Policy provides coverage for, among other things, hail and storm damage to the Property.   The Property experienced hail and storm damage to its tile roof as a result of the hail event that struck Marion on or about March 23, 2013.

5.      Defendants retained an independent, adjusting firm, Crawford and Company, to adjust the claim beginning on or about March 21, 2014.   A fourteen (14) page estimate of the costs to repair the damage to the roof arising out of the Hailstorm was issued on or about April 2, 2014 (the "Crawford Report").   Defendants thereafter disregarded the Crawford Report and fifteen (15) months after the Hailstorm, denied the claim of Plaintiffs on June 27, 2014.

## PARTIES

6.      Plaintiffs, David Gene Hazewinkel and Suzanne Elaine Hazewinkel, are adult resident citizens, husband and wife, residing at 1202 Washington Street, Marion, Perry County, Alabama, 36756.   Plaintiffs, Mr. and Mrs. Hazewinkel, own the Property and paid and pay the monthly insurance premiums to Defendants on the Policy.

7.      Plaintiff, David Gene Hazewinkel, competed on two (2) United States Olympic Teams, five (5) United States World Teams, and six (6) consecutive World and Olympic Teams. He won ten (10) National Titles and was voted the "Outstanding Wrestler" of the nation.   He placed 2nd, 3rd, 4th, and 6th in World Competitions, won fourteen (14) Masters National Titles, was crowned an All-Army and Inter-Service Champion, and was an assistant coach at the United States Military Academy.   Mr. Hazewinkel, carried the Olympic Torch at the 1996 Olympic Games, and is the Wrestling Coach at Marion Military Institute in Marion, Alabama,

8.      Defendant, The Hartford, a/k/a The Hartford Insurance Company ("Hartford"), is a

2

corporation headquartered in Hartford, Connecticut, and is licensed to do business in Alabama. Hartford can be served through its registered agent, namely, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104.

9.      Hartford's slogan listed on its letterhead is, "**Prepare.     Protect.     Prevail.**"

Hartford's website advertises as:  "Our Company.   Trust Isn't Built by Making Commitments.   It's Earned by Keeping them.   Preparing and Protecting Customers for More than 200 Years.   So They Don't Simply Endure, They Prevail."

10.     Defendant, Sentinel Insurance Company, Ltd ("Sentinel"), is a company incorporated in Hartford, Connecticut.   It is a wholly owned subsidiary and/or agent of Hartford and is licensed to do business in Alabama.   Sentinel can be served through its registered agent, namely, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104.

11.     Defendants, A, B, C, and D, separately and severally, are the persons, firms or corporations who are in some manner responsible for issuing and honoring the terms of the Policy at issue in this Complaint, and whose true names and identities are unknown to the Plaintiffs, but will be substituted by amendment when ascertained.

12.     Defendants, E, F, G, and H, separately and severally, are the persons, firms or corporations who participated and/or were involved in the adjusting of the claim giving rise to this Complaint.

13.     Defendants, I, J, K, and L, separately and severally, are the persons, firms or corporations, who are in some manner responsible for or a party to the disputes and other acts

3

alleged in this Complaint.

## JURISDICTION AND VENUE

14. This Honorable Court has jurisdiction of the Parties and the subject matter of this Complaint, pursuant to Alabama law.

15. Venue is proper in Perry County, as this is the location where the Property is located, the insurance Policy was issued, and where the claim arose, pursuant to Alabama law.

## FACTUAL BACKGROUND

16. The Policy provides insurance coverage for, among other things, hail and storm damage to the Property. The Property experienced hail and storm damage to its tile roof and storage building, and interior damage, as a result of a hailstorm in Marion in Perry County, Alabama.

17. On March 23, 2013, the Town of Marian ("Marion") was hit by a hailstorm with some hail the size of golf balls (the "Hailstorm"), and which caused damage to properties in the neighborhood of the Property of Plaintiffs, which is near Judson College. The Storm Prediction Center ("SPC") reported that hail measuring up to 1.75 inches in diameter fell near Judson College. There were also reports of windowpanes and windows broken due to the Hailstorm.

18. Properties neighboring the Property of Plaintiffs were covered by policies of insurance that honored their insurance claims arising from the Hailstorm, including a neighboring property with a tile roof.

19. A claim for this loss (the "Claim") was timely submitted to Defendants, The Hartford Insurance Company, and its underwriter, Sentinel Insurance Company, Ltd.

20. Defendants retained Crawford and Company ("Crawford"), an independent insurance adjusting firm, and its adjuster, Josh Sanderson, licensed in Alabama, to work as agents

4

of Defendants to adjust Plaintiffs' claim beginning on or about March 21, 2014. Mr. Sanderson, inspected the Property on or about March 26, 2014, and issued a fourteen (14) page estimate of the costs to repair the damage to the roof (arising out of the Hailstorm) on or about April 2, 2014 (the "Crawford Report"). Plaintiffs retained their own independent adjuster, who met Mr. Sanderson for an inspection at the Property, and he issued his own thirteen (13) report/estimate, plus 31 pages of photographs and a diagram, on or about March 25, 2014. The independent adjusters agreed that the Hailstorm caused damage to the Property, and only disagreed as to the exact dollar amount of the loss covered under the Policy.

21.     Defendants disregarded the Crawford Report as well as the report by Plaintiffs' adjuster, and fifteen (15) months after the Hailstorm, denied the claim of Plaintiffs on June 27, 2014. Plaintiffs were forced to retain their own engineer/roofing expert, Rhea Converse from Hoover, Alabama, to inspect the Property, which resulted in Mr. Converse's report dated January 9, 2015, also finding damage to the Property from the Hailstorm. Defendants reviewed the report from Mr. Converse and renewed their denial of the roof claim on February 2, 2015.

22.     Defendants have copies of the Policy in place at the time of the Hailstorm in their possessions and have failed to exchange a Certified or any copy of the Policy to undersigned counsel, despite a formal written request made to Defendants on May 31, 2014.

23.     The Policy, through its insured provisions, provides coverage to the Property for accidental direct physical losses to the Property proximately and efficiently caused by the Hailstorm, as well as other benefits referenced in the Policy. The Property was insured under the Policy on the date of the Hailstorm.

24.     After Defendants disregarded the Crawford Report, and the report by Plaintiffs' adjuster, they retained an engineer to write a report negating both reports. That same engineer

later negated Plaintiffs' engineer's report as well, and in reliance thereof, Defendants refused to tender the value of the claim.   Instead, Defendants denied the claim and repeatedly refused to pay the benefits owed under the Policy.

25.     Due to Defendants' improper denial of the claim, Plaintiffs seek to recover from Defendants' compensatory damages, punitive damages, reasonable attorneys' fees, court costs, amounts due under state and federal statutes, and other expenses of litigation.

## COUNT I
## BREACH OF CONTRACT AND FIDUCIARY DUTY

26.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint

27.     As a direct and proximate result of the damage caused by the Hailstorm, the Property was damaged.   Plaintiffs submitted a timely claim for losses covered under the Policy. Defendants initiated the claims process and their adjuster prepared a report on the damage, yet they ultimately denied the claim, despite the Property, including the roof and storage building, being insured under the Policy for damage arising from the Hailstorm.

28.     Defendants, by accepting insurance premiums for the Policy, had a fiduciary duty to properly adjust the claim and make payments in a timely manner, which they have failed to do.

29.     Defendants had ample opportunity to inspect the Property and know its age and condition before issuing the Policy to Plaintiffs, and before accepting monetary insurance premiums from Plaintiffs for coverage under the Policy.   Defendants had a duty to honor Plaintiffs' claim and not deny the claim based on the condition of the Property, including the roof and storage building, at the time when the Policy was originally issued and before the time of the Hailstorm.   Defendants cannot accept money to insure the Property, visible upon any inspection prior to issuance of the Policy, and then later say that the insurance coverage does not apply

6

because the Property was too fragile to be covered under the Policy.

30.    Plaintiffs charge Defendants with a breach of contract and of the fiduciary duties that they owe to Plaintiffs, pursuant to the terms and conditions of the Policy, and common practices in the adjusting industry.    Defendants have improperly:    denied the Claim; not adjusted the claim in a timely fashion; had adjusters in other states, not licensed in Alabama, override the conclusions of their Alabama licensed independent adjuster, and; retained an engineering firm for the specific purpose of overriding the conclusions of the independent adjusters, and then later to override the opinions of Plaintiffs' engineer/roofing expert.

31.    Defendants clearly and expressly agreed to provide insurance coverage through the Policy on the Property.    Plaintiffs suffered damages which were insured as losses under the Policy.    Defendants are obligated under the Policy to provide insurance coverage for all damage to the Property.    Plaintiffs are entitled to specific performance of the Policy and indemnification from Defendants for all losses they have suffered, including consequential losses occasioned by Defendants' wrongful breach of the Policy and their breach of fiduciary duty.

## COUNT II
## BREACH OF GOOD FAITH AND FAIR DEALING

32.    Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

33.    In every contract there is an implied duty of good faith and fair dealing on the part of the contracting parties.    Defendants have breached their duty by their failure to negotiate in good faith and their failure to pay all sums that are due under the Policy.    The actions of Defendants in this regard are in violation of the duty of good faith and fair dealing and make them liable to Plaintiffs for damages caused thereby.

## COUNT III
## NEGLIGENCE

7

34.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

35.     Defendants, in negating the report of their adjuster and in hiring an engineering firm to negate the report of this adjuster, acted with negligence.   Defendants negligently failed to properly:   1) honor the inspecting and adjusting of the claim by their independent adjuster; 2) pay Plaintiffs the amount due under the Policy for the claim; 3) follow and/or apply industry standards in adjustment the claim; 4) follow their own corporate rules, regulations, policies, and procedures in adjusting the claim; 5) explain and justify the adjustment to Plaintiffs; 6) follow and/or apply industry standards as to the inspection, evaluation and adjusting of the claim; 7) inspect the Property prior to issuing the Policy and give Plaintiffs' notice that the tile roof would be denied coverage, and; 8) otherwise pay what is owed under the Policy.

## COUNT IV
## WANTONNESS

36.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

37.     Defendants, in negating the report of their adjuster and in hiring an engineering firm to negate the report of this adjuster, acted with wantonness.   Defendants wantonly failed to properly:   1) honor the inspecting and adjusting of the claim by their independent adjuster; 2) pay Plaintiffs the amount due under the Policy for the claim; 3) follow and/or apply industry standards in adjustment the claim; 4) follow their own corporate rules, regulations, policies, and procedures in adjusting the claim; 5) explain and justify the adjustment to Plaintiffs; 6) follow and/or apply industry standards as to the inspection, evaluation and adjusting of the claim; 7) inspect the Property prior to issuing the Policy and give Plaintiffs' notice that the tile roof would be denied coverage, and; 8) otherwise pay what is owed under the Policy.

## COUNT V
## NEGLIGENT MISREPRESENTATION

8

38.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

39.     Defendants represented to Plaintiffs that they would be covered for losses incurred as a result of an event such as the Hailstorm.

40.     Plaintiffs relied to their detriment upon said indication that they would be covered for their losses in the event of such as occurred with the Hailstorm.

41.     As a result of the negligence of Defendants, Plaintiffs were injured in that they were not been offered sufficient coverage for damage to the Property.

42.     As a result of the negligence of Defendants, Plaintiffs were injured in that Plaintiffs have not received adequate payments toward making the Property whole.

## COUNT VI
### *RESPONDEAT SUPERIOR*

43.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint

44.     Under the doctrine of *respondeat superior*, Defendants are jointly and severally liable to Plaintiffs for all damages caused by their agents, independent contractors and employees rendering insurance-related services, such as adjusting, within the scope of their employment.

45.     As a direct and proximate result of this employment, under the doctrine of *respondeat superior*, Defendants are vicariously liable, jointly and severally, for the damages suffered by Plaintiffs.

## COUNT VIII
## PROMISSORY ESTOPPEL

46.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

47.     This Count is brought as an additional and alternative theory of recovery regarding the amount of Policy benefits owed to Plaintiffs from Defendants.

48.     Plaintiffs specifically relied on representations that the Policy would provide

9

comprehensive coverage for the insured property for the damages that they sustained. Plaintiffs were promised by Defendants that they was obtaining such coverage, so they did not seek to insure against this type of loss with additional and/or more comprehensive coverage, which Plaintiffs would have done to protect against losses to the Property.

49.    The Property sustained damage covered under the Policy. Except for payment of just a portion of the total damage to the Property, Defendants have denied Plaintiffs coverage for their loss.

50.    Plaintiffs reasonably relied upon the representations and conduct of Defendants to their detriment, since Defendants have disavowed and failed to pay for coverage for the loss, in spite of original promises of full, complete, and comprehensive coverage. Plaintiffs will not have been made whole should Defendants prevail in their position regarding coverage. If Plaintiffs had not relied on Defendants' promises, they would have sought additional and alternative coverage elsewhere to ensure that they had coverage such as they thought that they had under the Policy. Plaintiffs changed their position in reliance on Defendants' promises, to their detriment, and as a result sustained damages equivalent to the insurance they would have collected under other policies available to them in the marketplace.

51.    Defendants should not be allowed to benefit from their improper and inequitable conduct. Plaintiffs should be awarded a grant of coverage for their losses, based up their detrimental reliance on Defendants' false and misleading assurances of adequate coverage.

## COUNT VII
## COMPENSATORY DAMAGES

52.    Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

53.    Plaintiffs are entitled to full insurance coverage under the Policy for the damages

10

sustained to the Property, as provided for by the Policy. Plaintiffs are entitled to actual, compensatory damages to cover losses to the structures on the Property and other items covered under the Policy, expenses of litigation, fees, court costs, expenses due under state and/or federal statutes, and all other damages as may be covered under the Policy and shown by the evidence.

## COUNT VIII
## CONSEQUENTIAL DAMAGES

54.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

55.     As a direct and proximate result of Defendants, Plaintiffs have and will suffer consequential damages, including attorneys' fees, expert witness fees, and other costs and expenses of litigation occasioned by Defendants' breach of contract, and for which Plaintiffs should be reimbursed by order of the Court in a post-trial hearing. Plaintiffs also seek attorneys' fees and damages for emotional distress, as well as amounts due under state and federal statutes.

## COUNT IX
## PUNITIVE DAMAGES

56.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

57.     Plaintiffs seek such other relief as the Court deems appropriate including, but not limited to, an award of punitive damages. Plaintiffs show that Defendants' denial of their claim in whole or in part, was unreasonable and therefore in bad faith. Due to Defendants' bad faith denial of the claim, and failure to pay the amount owed on the claim, Plaintiffs are entitled to recover punitive damages, attorneys' fees, and all expenses.

## COUNT X
## APPRAISAL

58.     Plaintiffs incorporate and re-allege the foregoing allegations of their Complaint.

59.     Plaintiffs hereby make a written demand for appraisal.

11

DOCUMENT 2

60.     Plaintiffs move that this civil action be stayed pending a resolution by appraisal.

## CONCLUSION

61.     Plaintiffs hereby request that the Court accept this Complaint for filing, and after a trial by jury, render a Judgment in favor of Plaintiffs against Defendants, as follows:

a.      A Judgment of compensatory and general damages under the Policy for the full amount of the coverage, including all sums due under the coverage(s) provided under the Policy.

b.      An assessment of punitive damages, where appropriate under the law, to punish and deter Defendants from this type of conduct in the future in refusing to properly adjust claims, and/or negotiate in good faith, said punitive damages to be determined by the jury.

c.      An award of punitive damages, attorneys' fees, court costs, and expenses to Plaintiffs for having to bringing this action, as allowed under Alabama law.

d.      A grant of any and all appropriate equitable relief, including injunctive relief against Defendants that orders Defendants to pay what is owed under the Policy and/or participate in the appraisal process, and an award of pre-judgment and post-judgment interest appropriate under Alabama law.

WHEREFORE, Plaintiffs request that upon a trial of this case, that a judgment be entered against Defendants for full insurance coverage for damage to the Property, punitive damages and all other relief, including consequential damages, attorneys' fees, court costs, and expenses due under state and federal statutes, and other remedies as sought for in this Complaint, and any other further relief which this Court deems fair and just under the circumstances.

Respectfully submitted on this the 23rd day of March of 2015.

Plaintiffs Represented:

BY:  /s/*Elizabeth A. Citrin*
ELIZABETH A. CITRIN

12

ASB #CIT002
Attorney for Plaintiffs

Elizabeth A. Citrin, Esq.
Elizabeth A. Citrin, P.C.
28080 Highway 98, Suite G
Daphne, AL   36526
Phone:  251-626-8808
Fax:  251-626-8860
Email:  elizabeth@elizabethcitrin.com

Robert H. Turner, Sr.
Turner, Turner and Bryant
416-417 Washington Street
P.O. Box 929
Marion, AL 66756
Phone:  334-683-4111
Email:  rturners@turnerturnerandbryant.com

**DEFENDANTS TO BE SERVED:**

**The Hartford Insurance Company**
**CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL   36104**

**Sentinel Insurance Company, Ltd.**
**CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL   36104**

13

DOCUMENT 5



ELECTRONICALLY FILED
3/23/2015 9:48 PM
53-CV-2015-900026.00
CIRCUIT COURT OF
PERRY COUNTY, ALABAMA
MARY MOORE, CLERK

# EXHIBIT A

This CONTINUATION Page With the Forms And Endorsements Listed Below CONTINUES Your HOMEOWNERS POLICY.


THE HARTFORD

**Policy Renewal**

**INSURER:** SENTINEL INSURANCE COMPANY, LTD
ONE HARTFORD PLAZA, HARTFORD, CONNECTICUT 06155

| DECLARATIONS DIMENSIONS | POLICY NO. 21 RBB182738 |
|---|---|

| Named Insured and RESIDENCE PREMISES | HAZEWINKEL,DAVID G & SUZANNE E<br>1202 WASHINGTON ST<br>MARION                  AL 36756 |
|---|---|

Policy Period 12:01 A.M. Standard Time at the Residence Premises ——————➤   **FROM** 05-26-14   **TO** 05-26-15   **TERM:** 1 YEAR

Producer Name: BLACKBELT INSURORS INC          **CODE:** 251804

TOTAL POLICY PREMIUM:   $ 1,843.00

### COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE.

| COVERAGES | LIMIT OF LIABILITY |
|---|---|
| **SECTION I** | |
| A. DWELLING | $ 323,000 |
| B. OTHER STRUCTURES | $  32,300 |
| C. PERSONAL PROPERTY | $ 242,250 |
| D. LOSS OF USE | $  64,600 |
| **SECTION II** | |
| E. PERSONAL LIABILITY:  EACH OCCURRENCE | $ 600,000* |
| F. MEDICAL PAYMENTS TO OTHERS:  EACH PERSON | $   2,000 |

DEDUCTIBLE - SECTION I : $ 500 DEDUCTIBLE EXCEPT FOR A WIND/HAIL DEDUCTIBLE
EQUAL TO 1% OF COVERAGE A.

MORTGAGEE:   LOAN NO. 0335546297
WELLS FARGO NA #936 ISAOA
PO BOX 100515
FLORENCE            SC 29502
-------------------------------------------------------------

BLACKBELT INSURORS INC
COUNTERSIGNED BY --------------------------------AUTHORIZED AGENT

----CONTINUED ON PAGE 2-

FORM H-525  (9/03) A                                                      1893

DECLARATIONS (CONTINUED)          POLICY NO. 21 RBB182738

NAMED INSURED:  HAZEWINKEL,DAVID G & SUZANNE E


RATING INFORMATION: 1 FAMILY FRAME DWELLING BUILT IN 1925
   STATE 01 TERR. 00058 PROTECTION CLASS 7 TAX CODE 0146
   FIRE PROTECTION PROVIDER MARION
   WITHIN 500 FEET OF A FIRE HYDRANT AND WITHIN 2 MILES OF A FIRE STATION
   INSIDE CITY LIMITS PREMIUM GROUP 1.20

FORMS AND ENDORSEMENTS NOW MADE PART OF THIS POLICY:
   (ENTRIES ON ENDORSEMENTS MAY BE LEFT BLANK IF SHOWN ELSEWHERE IN THE POLICY)
   HO 00 03    10 00   SPECIAL FORM                    BASIC PREMIUM $ 2,244.00
   HW 01 32    05 08   SPECIAL PROVISIONS - ALABAMA        PREMIUM      NIL
   HO 04 96    10 00   NO SECT II COV-HOME DAY CARE BUSINESS PREMIUM    NIL
   HW 01 03    06 03   AMENDATORY ENDORSEMENT              PREMIUM      NIL
   HW 01 04    06 03   HOMEOWNERS POLICY POLLUTION EXCLUSION PREMIUM    NIL
   HO 03 12    10 00   WINDSTORM-HAIL PERCENTAGE DEDUCTIBLE PREMIUM INCLUDED
   HO 04 55    03 03   IDENTITY FRAUD EXPENSE COVERAGE     PREMIUM $   24.00
   HW 04 17    01 04   SENTINEL SILVER COVERAGE            PREMIUM  INCLUDED
                       THE PERS LIAB LMT INCLUDES AN INCR OF $300,000 *
                       THE MED  PAY  LMT INCLUDES AN INCR OF $  1,000 *
                          HO 04 90 REPLACEMENT COST CONTENTS
                          HW 04 11 ADDITIONAL LIMITS LIABILITY COVERAGE  CAP 1.25
                          HO 04 53 CREDIT CARD INCR LIMITS INCR $ 500 TOTAL $ 1,000
                          HW 04 15 REFRIGERATED PRODUCTS  AMT $ 1,000
                          HO 24 82 PERSONAL INJURY
   HO 04 27    04 02   LIMITED FUNGI, ROT OR BACTERIA COV   PREMIUM      NIL
                       $10,000 PROPERTY DAMAGE    $50,000 LIABILITY
   HO 04 16    10 00   PREMISES ALARM OR FIRE PROT. SYSTEM   CREDIT $  433.00
                       20 PERCENT CREDIT
COVERAGE E OR F INCREASE                             PREMIUM $    8.00
                              TOTAL PREMIUM              $ 1,843.00
                    FULL PAY SINGLE BILL    ------------------------------

                        - PLEASE NOTE -
MATURE HOMEOWNERS SAVINGS APPLIES
20% ACCOUNT CREDIT APPLIES - INCLUDED IN BASIC PREMIUM
        FORM HO 04 16   10 00 HAS BEEN CHANGED
        SECTION I COVERAGES HAVE BEEN CHANGED

                THE FOLLOWING ITEMS ARE ENCLOSED FOR YOUR REVIEW.
   PLA-203-0          PRODUCER COMPENSATION NOTICE
   PLP-163-0      IMPORTANT NOTICE LIMIT OF LIABILITY
   PLP-183-0       OUTLINE OF COVERAGE
THE LIMIT OF LIABILITY FOR SECTION I COVERAGES MAY BE ADJUSTED
ANNUALLY BASED ON THE INFLATION RATE IN YOUR AREA.


FORM H-525   (Ed. 9/03)  A                 01-28-14 04-11-14 04-11-14   1894



THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## PREMISES ALARM OR FIRE PROTECTION SYSTEM

We acknowledge the installation of an alarm system and/or automatic sprinkler system approved by us on the "residence premises". You agree to maintain this system or systems, for which we have granted a credit, in working order and to let us know promptly of any change, including removal, made to the system(s).

HO 04 16 10 00                                    Copyright, Insurance Services Office, Inc., 1999

# Outline of Coverage and Comprehensive Policy Checklist

The following is an outline of coverage and comprehensive policy checklist of your insurance policy and is for informational purposes only. Alabama law prohibits this checklist from changing any provisions of the insurance contract which is the subject of this checklist. Any endorsement regarding changes in types of coverage, exclusions, limitations, reductions, deductibles, coinsurance, renewal provisions, cancellation provisions, surcharges, or credits is not included in this checklist, unless otherwise indicated. The checklist does not operate to expand coverage beyond the coverage provided in the policy. If there is a contradiction between the checklist and the policy, the terms of this policy govern.

Policyholders should read their policy thoroughly. Policyholders should review their insurance policy annually with their insurance provider to ensure they are adequately covered.

If you have questions regarding your policy, please contact your agent or insurance company. Consumer assistance is available from the Department of Insurance, Consumer Services Division, 1-334-241-4141    or ConsumerServices@insurance.alabama.gov at www.aldoi.gov.

**Policy Type:** Homeowner's
(Homeowners, Tenants, Condominium Unit Owners or Dwelling)

**Description:**
Your Homeowner's                          insurance policy is a package policy
that combines coverage for your property that is destroyed or damaged by various perils, and provides you certain coverage for liability exposure.

## LIMITS OF INSURANCE

**Coverage A - Dwelling Structure Coverage** (Place of Residence):
Limit of Insurance: $   323,000   Loss Settlement Basis:
Replacement Cost

**Coverage B - Other Structure Coverage** (Detached from Dwelling):
Limit of Insurance: $    32,300   Loss Settlement Basis:
Replacement Cost

**Coverage C - Personal Property Coverage**
Limit of Insurance: $  242,250   Loss Settlement Basis:
Replacement Cost

**Coverage D - Loss of Use**
Limit of Insurance: $     64,600   Loss Settlement Basis:
Necessary Cost

**Roof Repair/Replacement Settlement Basis:** RCV

*RCV = Replacement Cost Value, or the cost to repair or replace your home, other structures or contents with like kind and quality. This is <u>not</u> the Market Value or Mortgage Value of your home.

*ACV = Actual Cash Value, or RCV at the time of loss minus depreciation. This is <u>not</u> the Market Value or Mortgage Value of your home. Perils covered are all perils.

*RVS = Roof Value Scheduled Settlement gradually reduces coverage for your roof based on the roof age and material for the perils of wind or hail only.

**Deductibles**
Hurricane/ Named Windstorm: $ 0 3 2 3 0
All Other Perils: $      5 0 0

---

### Checklist of Coverage (continued)

The above Limit of Insurance, Deductibles and Loss Settlement basis apply to the following perils insured against; (Items below marked with a **Y** (Yes)indicate coverage IS included; those marked with an **N** (No) indicate coverage is NOT included. If there is a contradiction between the checklist and the policy, the terms of this policy govern.

| Coverage | Peril |
|----------|-------|
| Y | Fire or Lightning |
| Y | Hurricane |
| Y | Windstorm or Hail (other than hurricane) |
| Y | Explosion |
| Y | Riot or Civil Commotion |
| Y | Aircraft |
| Y | Vehicles |
| Y | Smoke |
| Y | Vandalism or Malicious Mischief |
| Y | Theft |
| Y | Falling Objects |
| Y | Weight of Ice, Snow or Sleet |
| Y | Accidental Discharge or Overflow of Water or Steam |
| Y | Sudden and Accidental Tearing Apart, Cracking, Burning, or Bulging |
| Y | Freezing |
| Y | Sudden and Accidental Damage from Artificially Generated Electrical Current |
| Y | Volcanic Eruption |
| N | Sinkhole |
| Y | Any other Peril Not Specifically Excluded (dwelling and other structures only) |

*Special limits and loss settlement exceptions may apply to different coverages. Refer to your policy for details.

---

**Checklist of Coverage  (continued)**

If there is a contradiction  between  the checklist and the policy,  the terms of this policy govern.

| Property  -  Additional/Other  Coverages | | | |
|---|---|---|---|
| (Items below  marked  **Y** (Yes) indicate coverage  IS included, those marked  **N** (No) indicate coverage  is NOT included) | Limit of Insurance | Amount of insurance is an additional amount coverage  or is included  within  the policy limit. | |
| | | Included | Additional |
| Y | Debris  Removal | Up to 5% | X | |
| Y | Reasonable  Repairs | Reasonable Cost | X | |
| Y | Property   removed | Reasonable Cost | X | |
| Y | Credit  Card, Electronic Fund Transfer  Card, or Access  Device,  Forgery and Counterfeit | $1,000 | X | X |
| Y | Loss  Assessment | $1,000 | X | |
| Y | Collapse | Up to Limits | X | |
| Y | Glass or Safety  Glazing Material | Up to Limits | X | |
| Y | Landlord's  Furnishings | Up to $2500 | X | |
| Y | Law and Ordinance | $    32,300 | X | |
| Y | Grave  Markers | Up to $5000 | X | |
| Y | Mold/Fungi | $10,000 | X | |

**SOME EXCLUSIONS, LIMITATIONS,  AND/OR REDUCTIONS IN COVERAGE**
(Other Exclusions, Limitations and/or Reductions in coverage  may apply)

- ■  Removal  of fallen  trees is excluded  unless they damage your  house or outbuilding  or block access  to your property.
- ■  Limitations  exist on coverage  amounts for jewelry,  guns, silverware,  cash, coins, certain types of collections,  art and computers/equipment.
- ■  Property  and Liability Coverage  for Automobiles,  Watercraft,  Aircraft  is limited or excluded.
- ■  RCV Property   claims  are settled  on an ACV basis until you repair  or replace  the property.
- ■  Losses to insured  property  intentionally  caused by an insured are excluded.
- ■  Losses due to neglect  are excluded.
- ■  Losses to the dwelling  caused by water or sewage from  outside  the dwelling that backs up through  sewers and drains are excluded.

**SOME DISCOUNTS AVAILABLE TO REDUCE YOUR POLICY PREMIUM**

**Y** (Yes) or **N** (No) indicates whether you currently receive these discounts. Ask your agent or insurance company about other discounts for which you may be available.

| Yes or No | Credit |
|---|---|
| Y | Multiple Policy |
| Y | Fire/Smoke/Burglar Alarm |
| N | Wind Mitigation Features |

| **Coverage E - Personal Liability Coverage** |
|---|
| Limit of Insurance $  600,000 |

| **Coverage F - Medical Payments to Others Coverage** |
|---|
| Limit of Insurance $   2,000 |

**LIABILITY - ADDITIONAL/OTHER COVERAGE**

(Items below marked **Y** (Yes) indicate coverage IS included, those marked **N** (No) coverage is NOT included). If there is a contradiction between the checklist and the policy, the terms of this policy govern.

| Liability - Additional/Other Coverage | | | | |
|---|---|---|---|---|
| (Items below marked **Y** (Yes) indicate coverage IS included, those marked **N** (No) indicate coverage is NOT included) | | Limit of Insurance | Amount of insurance is an additional amount coverage or is included within the policy limit. | |
| | | | Included | Additional |
| Y | Claim Expenses | Reasonable costs incurred | | X |
| Y | First Aid Expenses | Reasonable costs incurred | | X |
| Y | Damage to Property of Others | Up to $1,250 | X | X |
| Y | Loss Assessment | Up to $ 1,000 | X | |

DOCUMENT 2

## LIABILITY COVERAGES - EXCLUDED PERILS

| Coverage | Perils |
|----------|--------|
| N | Expected or Intended Injury |
| N | Business |
| N | Professional Services |
| N | Motor Vehicle Liability |
| N | Watercraft Liability - * may be purchased |
| N | Aircraft or Hovercraft Liability |
| N | Communicable Diseases |
| N | Sexual Molestation, Corporal Punishment or Physical or Mental Abuse |
| N | Controlled Substance |
| N | War |
| N | Pollution |

This Annual Summary of Homeowners Coverage only provides a summary of the coverage and exclusions under your policy. It is not an exhaustive list. Some claims may or may not be covered depending on the facts and circumstances surrounding the loss. You should read your policy for complete information regarding your coverage. The Declarations Page, the front page of your policy, will provide a listing of all the coverage and limits of those coverages that you have purchased. Should you have any questions regarding this summary, your policy, its coverage or the limits of coverage, you should contact your insurance producer or your insurance agent or your insurance company directly to discuss your policy with them.

DOCUMENT 2



THE
HARTFORD

# An Important Notice Regarding
## Your Limit of Liability for Section I Coverages

Dear Valued Policyholder,

The limit of Liability for Section I coverages that are listed on the Declarations page of your policy may be adjusted annually based on the inflation rate in your area. In order to be adequately protected, the coverage limit you purchase should reflect the cost to rebuild or replace the dwelling if you incurred a covered loss.

You should check your policy limits periodically to make sure that you have the right amount of coverage. This amount may increase or decrease over time depending on several factors, including construction costs in your area. Significant changes to the structure or quality of the materials in your home will also affect the amount of coverage you should maintain.

It is very important to keep your insured property values accurate. If you have not checked the value of your home in the past year or two, we urge you to do so. For assistance in calculating the replacement cost of your home, you can contact an appraiser in your area, your insurance agent, or one of our trained service representatives.

We understand your home is more than a dwelling to you. To ensure your keepsakes and memories are protected, we encourage you to review your coverage at least every two years. Please feel free to contact us at 1-800-624-5578

PLP-163-0    (Ed. 3/11)

**Privacy Policy and Practices of The Hartford Financial Services Group, Inc. and its Affiliates**

(herein called "we, our, and us")

*This Privacy Policy applies to our United States Operations*

We value your trust. We are committed to the responsible:

a)  management;

b)  use; and

c)  protection;

of **Personal Information.**

This notice describes how we collect, disclose, and protect **Personal Information.**

We collect **Personal Information** to:

a)  service your **Transactions** with us; and

b)  support our business functions.

We may obtain **Personal Information** from:

a)  **You;**

b)  your **Transactions** with us; and

c)  third parties such as a consumer-reporting agency.

Based on the type of product or service **You** apply for or get from us, **Personal Information** such as:

a)  your name;

b)  your address;

c)  your income;

d)  your payment; or

e)  your credit history;

may be gathered from sources such as applications, **Transactions,** and consumer reports.

To serve **You** and service our business, we may share certain **Personal Information.** We will share **Personal Information,** only as allowed by law, with affiliates such as:

a)  our insurance companies;

b)  our employee agents;

c)  our brokerage firms; and

d)  our administrators.

As allowed by law, we may share **Personal Financial Information** with our affiliates to:

a)  market our products; or

b)  market our services;

to **You** without providing **You** with an option to prevent these disclosures.

We may also share **Personal Information,** only as allowed by law, with unaffiliated third parties including:

a)  independent agents;

b)  brokerage firms;

c)  insurance companies;

d)  administrators; and

e)  service providers;

who help us serve **You** and service our business.

When allowed by law, we may share certain **Personal Financial Information** with other unaffiliated third parties who assist us by performing services or functions such as:

a)  taking surveys;

b)  marketing our products or services; or

c)  offering financial products or services under a joint agreement between us and one or more financial institutions.

We will not sell or share your **Personal Financial Information** with anyone for purposes unrelated to our business functions without offering **You** the opportunity to:

a)  "opt-out"; or

b)  "opt-in";

as required by law.

We only disclose **Personal Health Information** with:

a)  your proper written authorization; or

b)  as otherwise allowed or required by law.

Our employees have access to **Personal Information** in the course of doing their jobs, such as:

a)  underwriting policies;

b)  paying claims;

c)  developing new products; or

d)  advising customers of our products and services.

We use manual and electronic security procedures to maintain:

a)  the confidentiality; and

b)  the integrity of;

**Personal Information** that we have. We use these procedures to guard against unauthorized access.

1 of 3

Some techniques we use to protect **Personal Information** include:

a)   secured files;

b)   user authentication;

c)   encryption;

d)   firewall technology; and

e)   the use of detection software.

We are responsible for and must:

a)   identify information to be protected;

b)   provide an adequate level of protection for that data;

c)   grant access to protected data only to those people who must use it in the performance of their job-related duties.

Employees who violate our Privacy Policy will be subject to discipline, which may include ending their employment with us.

At the start of our business relationship, we will give **You** a copy of our current Privacy Policy.

We will also give **You** a copy of our current Privacy Policy once a year if **You** maintain a continuing business relationship with us.

We will continue to follow our Privacy Policy regarding **Personal Information** even when a business relationship no longer exists between us.

*As used in this Privacy Notice:*

**Application** means your request for our product or service.

**Personal Financial Information** means financial information such as:

a)   credit history;

b)   income;

c)   financial benefits; or

d)   policy or claim information.

**Personal Health Information** means health information such as:

a)   your medical records; or

b)   information about your illness, disability or injury.

**Personal Information** means information that identifies **You** personally and is not otherwise available to the public. It includes:

a)   **Personal Financial Information;** and

b)   **Personal Health Information.**

**Transaction** means your business dealings with us, such as:

a)   your **Application;**

b)   your request for us to pay a claim; and

c)   your request for us to take an action on your account.

**You** means an individual who has given us **Personal Information** in conjunction with:

a)   asking about;

b)   applying for; or

c)   obtaining;

a financial product or service from us if the product or service is used mainly for personal, family, or household purposes.

This Privacy Policy is being provided on behalf of the following affiliates of The Hartford Financial Services Group, Inc.:

1stAGChoice, Inc.; Access CoverageCorp, Inc.; Access CoverageCorp Technologies, Inc.; American Maturity Life Insurance Company; Archway 60 R, LLC; Business Management Group, Inc.; Catalyst360, LLC; Champlain Life Reinsurance Company; DMS R, LLC; Eloy R, LLC; Ersatz Corporation; First State Insurance Company; Hartford Accident and Indemnity Company; Hartford Administrative Services Company; Hartford Casualty General Agency, Inc.; Hartford Casualty Insurance Company; Hartford-Comprehensive Employee Benefit Service Company; Hartford Equity Sales Company, Inc.; Hartford Fire General Agency, Inc.; Hartford Fire Insurance Company; Hartford Funds Management Company, LLC; Hartford Funds Management Group, Inc.; Hartford HLS Series Fund II, Inc.; Hartford Insurance Company of Illinois; Hartford Insurance Company of the Midwest; Hartford Insurance Company of the Southeast; Hartford Integrated Technologies, Inc.; Hartford International Life Reassurance Corporation; Hartford Investment Financial Services, LLC; Hartford Investment Management Company; Hartford Life and Accident Insurance Company; Hartford Life and Annuity Insurance Company; Hartford Life Insurance Company; Hartford Life Private Placement, LLC; Hartford Lloyd's Corporation; Hartford Lloyd's Insurance Company; Hartford Mezzanine Investors I, LLC; Hartford Residual Market, L.C.C.; Hartford Retirement Services, LLC; Hartford Securities Distribution Company, Inc.; Hartford Series Fund, Inc.; Hartford Specialty Insurance Services of Texas, LLC; Hartford Strategic Investments, LLC; Hartford Underwriters Insurance Company; Hartford Technology Services Company, L.L.C.; Hartford of Texas General Agency, Inc.; Hartford Underwriters General Agency, Inc.; HARTRECompany, L.C.C.;

HL Investment Advisors, LLC; HLA LLC; Horizon Management Group, LLC; HRA Brokerage Services, Inc.; Lanidex Class B, LLC; M-CAP Insurance Agency, LLC; New England Insurance Company; New England Reinsurance Corporation; Nutmeg Insurance Agency, Inc.; Nutmeg Insurance Company; Pacific Insurance Company, Limited; Planco, LLC; Property and Casualty Insurance Company of Hartford; Revere R, LLC; RVR R, LLC; Sentinel Insurance Company, Ltd.; Sunstone R, LLC; Symphony R, LLC; The Evergreen Group Incorporated; The Hartford Alternative Strategies Fund; The Hartford Mutual Funds, Inc.; The Hartford Mutual Funds II, Inc.; Trumbull Flood Management, L.L.C.;Trumbull Insurance Company; Twin City Fire Insurance Company; White River Life Reinsurance Company

If you have any questions, please call us, toll free, at 1-800-624-5578.

DOCUMENT 3



## PRODUCER   COMPENSATION   NOTICE

You can review and obtain information of The Hartford's producer compensation practices at www.TheHartford.com or at 1-800-592-5717.

PLA-203-0    (Ed. 4/07)

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>53-CV-2015-900026.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF PERRY COUNTY
### DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE

NOTICE TO   THE HARTFORD AKA THE HARTFORD INSURANCE CO., C/O CT CORP. SYS-STE 605 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Elizabeth A. Citrin

WHOSE ADDRESS IS 28311 North Main Street, Suite B200, Daphne, AL 36526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DAVID GENE HAZEWINKEL
    pursuant to the Alabama Rules of the Civil Procedure

Date   3/23/2015 9:48:32 PM    /s/ MARY MOORE

                           Clerk/Register

                           WASHINGTON STREET

                           MARION, AL 36756

☑ Certified Mail is hereby requested      /s/ Elizabeth A. Citrin

                                      Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                   (Date)

_____     _____     _____

Date                       Server's Signature              Address of Server

_____     _____     _____

Type of Server              Server's Printed Name

                                           _____

                                           Phone Number of Server

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 53-CV-2015-900026.00 |
| Form C-34   Rev 6/88 | | |

IN THE CIRCUIT COURT OF PERRY COUNTY

DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE

SENTINEL INSURANCE COMPANY, LTD, C/O CT CORP. SYS-STE 605 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Elizabeth A. Citrin

WHOSE ADDRESS IS 28311 North Main Street, Suite B200, Daphne, AL 36526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DAVID GENE HAZEWINKEL
   pursuant to the Alabama Rules of the Civil Procedure

Date   3/23/2015 9:48:32 PM   /s/ MARY MOORE

Clerk/Register

WASHINGTON STREET

MARION, AL 36756

☑ Certified Mail is hereby requested    /s/ Elizabeth A. Citrin
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                                    (Date)

_____        _____        _____
Date                            Server's Signature              Address of Server

_____        _____        _____
Type of Server                  Server's Printed Name           
                                                                _____
                                                                Phone Number of Server

DOCUMENT 5

AVSO702

ALABAMA JUDICIAL DATA CENTER
PERRY          COUNTY
SERVICE NOTICE

CV 2015 900026.00
COLLINS PETTAWAY, JR

-----------------------------------------------------------------

IN THE CIRCUIT  COURT OF   PERRY      COUNTY

DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE D002

CITRIN ELIZABETH ANNE                     CASE NUMBER: CV 2015 900026 00
28311 N MAIN ST STE B200                  PARTY NUMBER:C001

DAPHNE AL  36526

YOUR ATTORNEY CODE IS CIT002

THE SUMMONS AND COMPLAINT            WAS SERVED ON SENTINEL INSURANCE COM
ON 03/25/2015 BY: CERTIFIED MAIL.

CONCERNING: SENTINEL INSURANCE COMPANY,
            C/O CT CORP. SYS-STE 605
            2 NORTH JACKSON STREET
            MONTGOMERY     ,AL  36104-0000

DATE:03/27/2015  CLERK:MARY COSBY MOORE
                 PO BOX 505
                 MARION  AL  36756
                 (334)683-6106

-----------------------------------------------------------------

OPERATOR: QUC
PREPARED: 03/27/2015

AVSO702

ALABAMA JUDICIAL DATA CENTER
PERRY          COUNTY
SERVICE NOTICE

CV 2015 900026.00
COLLINS PETTAWAY, JR

-----------------------------------------------------------------------

IN THE CIRCUIT  COURT OF   PERRY        COUNTY

DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE D002

CITRIN ELIZABETH ANNE                    CASE NUMBER: CV 2015 900026 00
28311 N MAIN ST STE B200                 PARTY NUMBER:C001

DAPHNE  AL  36526

YOUR ATTORNEY CODE IS CIT002

THE SUMMONS AND COMPLAINT            WAS SERVED ON SENTINEL INSURANCE COM
ON 03/25/2015 BY: CERTIFIED MAIL.

CONCERNING: SENTINEL INSURANCE COMPANY,
            C/O CT CORP. SYS-STE 605
            2 NORTH JACKSON STREET
            MONTGOMERY     ,AL  36104-0000

DATE:03/27/2015  CLERK:MARY COSBY MOORE
                 PO BOX 505
                 MARION  AL  36756
                 (334)683-6106

-----------------------------------------------------------------------
OPERATOR: QUC
PREPARED: 03/27/2015

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sentinel Insurance
Company, LTD
c/o ct Corp. Sys-Ste 605
2 North Jackson Street
Montgomery, AL 36104

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Alvina Payne_

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

_Mary Cosby Moore_
_CIRCUIT CLERK_

FILED IN OFFICE
PERRY COUNTY COURTS
MAR 27 2015

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered             ☐ Return Receipt for Merchandise
   ☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7014 2870 0002 0275 6450

PS Form 3811, July 2013          Domestic Return Receipt          CV - 2015 - 900026

UNITED STATES POSTAL SERVICE

• Sender. Please print your name, address, and ZIP+4® in this box•

Mary Cosby Moore, Clerk
Circuit & District Courts
Perry County Courthouse
P.O. Box 505
Marion, AL 36756

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

AVSO702

ALABAMA JUDICIAL DATA CENTER
PERRY            COUNTY
SERVICE NOTICE

CV 2015 900026.00
COLLINS PETTAWAY, JR

----------------------------------------------------------------

IN THE CIRCUIT  COURT OF    PERRY        COUNTY

DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE D001

CITRIN ELIZABETH ANNE                CASE NUMBER: CV 2015 900026 00
28311 N MAIN ST STE B200             PARTY NUMBER:C001

DAPHNE  AL  36526

YOUR ATTORNEY CODE IS CIT002

THE SUMMONS AND COMPLAINT          WAS SERVED ON THE HARTFORD AKA THE H
ON 03/25/2015 BY: CERTIFIED MAIL.

CONCERNING: THE HARTFORD AKA THE HARTFOR
            C/O CT CORP. SYS-STE 605
            2 NORTH JACKSON STREET
            MONTGOMERY       ,AL  36104-0000

DATE:03/27/2015   CLERK:MARY COSBY MOORE
                  PO BOX 505
                  MARION  AL  36756
                  (334)683-6106

----------------------------------------------------------------

OPERATOR: OUC
PREPARED: 03/27/2015

DOCUMENT 6

AVSO702

ALABAMA JUDICIAL DATA CENTER
PERRY        COUNTY
SERVICE NOTICE

CV 2015 900026.00
COLLINS PETTAWAY, JR

----------------------------------------------------------------

IN THE CIRCUIT  COURT OF    PERRY        COUNTY

DAVID GENE HAZEWINKEL ET AL V. THE HARTFORD AKA THE HARTFORD INSURANCE D001


TURNEY KENNETH W                    CASE NUMBER: CV 2015 900026 00
834 E BELVEDERE AVE                 PARTY NUMBER:C001
300 ST PAUL PLACE
BALTIMORE  MD  21212

YOUR ATTORNEY CODE IS TUR001

THE SUMMONS AND COMPLAINT           WAS SERVED ON THE HARTFORD AKA THE H
ON 03/25/2015 BY: CERTIFIED MAIL.

CONCERNING: THE HARTFORD AKA THE HARTFOR
C/O CT CORP. SYS-STE 605
2 NORTH JACKSON STREET
MONTGOMERY     ,AL  36104-0000




DATE:03/27/2015  CLERK:MARY COSBY MOORE
PO BOX 505
MARION  AL  36756
(334)683-6106

----------------------------------------------------------------

OPERATOR: QUC
PREPARED: 03/27/2015

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Hartford AKA The
Hartford Insurance Co.
c/o Corp Sys- Ste 605
2 North Jackson Street
Montgomery, AL 36104

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Karen Payne_

☐ Agent
☐ Addressee

B. Received by (Printed Name)

FILED IN OFFICE
PERRY COUNTY COURTS
MAR 27 2013

C. Date of Delivery
3-25-15

Mary Cosby Moore
CIRCUIT CLERK

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail®
☐ Registered
☐ Insured Mail
☐ Priority Mail Express™
☐ Return Receipt for Merchandise
☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 2870 0002 0275 6467   cv - 2015 - 900026

PS Form 3811, July 2013      Domestic Return Receipt

# Exhibit F

## IN THE CIRCUIT COURT
## OF PERRY COUNTY, ALABAMA

**DAVE GENE HAZEWINKEL and**
**SUZANNE ELAINE HAZEWINKEL**

      **Plaintiffs,**

**v.**

                                      **Case No.: CV-2015-900026**

**THE HARTFORD a/k/a THE HARTFORD**
**INSURANCE COMPANY; SENTINEL**
**INSURANCE COMPANY, LTD., and**
**Fictitious Defendants A-L, all of whose true**
**names and legal identities are unknown to**
**Plaintiffs at this time, but who will be**
**substituted by amendment when ascertained,**
**jointly and severally,**

      **Defendants.**

## NOTICE OF FILING NOTICE OF REMOVAL

Come now Defendants The Hartford Financial Services Group, Inc. and Sentinel Insurance Company, Ltd., and hereby give notice that they have filed in the United States District Court for the Southern District of Alabama, Selma Division, a Notice of Removal of said action to the United States District Court in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446.  Attached hereto and made a part hereof are a true copy of said Notice of Removal and all papers and exhibits attached thereto.

                                        */s/ Sharon D. Stuart*
                                        Attorney for Defendants
                                        The Hartford Financial Services Group, Inc.
                                        and Sentinel Insurance Company, Ltd.

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
(205) 795-6588
Fax (205) 328-7234

---

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2015 I electronically filed the foregoing with the Clerk of Court via the AlaFile system which will send notification of such filing to the following:

Elizabeth A. Citrin, Esq.
Elizabeth A. Cirtin, P.C.
28080 Highway 98, Suite G
Daphne, AL 36526

Robert H. Turner, Sr.
Turner, Turner and Bryant
416-417 Washington Street
P.O. Box 929
Marion, AL 36756

*/s/ Sharon D. Stuart*
OF COUNSEL